MARY A. CLARK, Respondent, v. EDWARD C. HILL, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Married Woman, Right of, to Maintain Action in Own Name for Loss of Husband**: DAMAGES: PLEADING. Under the present statutes, a married woman may maintain an action in her own name for the loss of her husband's support, comfort, and society (*Clow v. Chapman*, 125 Mo. 101); and, in such action, she may waive her right to punitive damages, and ask for actual or compensatory damages only.

2. **Evidence:** VERDICT. *Held:* That the verdict in this case was supported by the proof.

3. **Evidence, Erroneous Admission of:** INSTRUCTION WITHDRAWING. An erroneous admission of evidence is cured by an instruction of the court withdrawing it, where it does not appear it had any harmful effect upon the mind of the jury.

4. **Evidence:** COMPETENCY OF DECLARATIONS OF HUSBAND AFTER INSANITY: PLEADING. Where the fact of the husband's insanity is alleged in the petition, his declarations made after he became insane, are admissible as tending to show the nature, extent, and permanence of his insanity.

5. **Instruction:** EVIDENCE. An instruction authorizing a recovery for the probable earnings of the husband was proper, where it was clearly shown by the evidence that his insanity was permanent and incurable.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Landrum & Crooks, Jos. M. McPherson,* and *I. V. McPherson* for appellant.

The court should have sustained defendant's objections to the admission of any evidence. This is an action where, if plaintiff was successful, exemplary or punitive damages are recoverable. Act 1895, sec. 1, p. 168.

In all actions wherein exemplary or punitive damages are recoverable and allowed by the jury, the amount thereof shall be separately stated in the verdict. *Id.,* sec. 2, p. 168.

There was no evidence to sustain any material allegation as to the cause of the insanity of the plaintiff's husband, nothing for the jury to consider, and the court should have so declared. *Higgins v. R'y,* 43 Mo. App. 547.

Whether the showing made by plaintiff with every favorable inference therefrom tends to support the

issues on his behalf, is a question for the court. If the
latter finds it does not, it is error to submit the case to
the jury.    *Carroll v. Rapid Transit Co.*, 107 Mo. 653.

The court erred in admitting evidence as to the
financial standing of defendant, the petition not plead-
ing exemplary or punitive damages.   Act 1895, sec. 1,
p. 168; *Welsh v. Stewart*, 31 Mo. App. 377.

There is no testimony in this case from which the
jury would be warranted in finding that the defendant
was in any way the cause of the insanity of plaintiff's
husband.   *Felix v. Bevington*, 52 Mo. App. 403; *Glick
v. R'y*, 57 *Id.* 97; *Gerrans v. Mfg. Co.*, 51 *Id.* 615;
*Burger v. R'y*, 52 *Id.* 119; *Hyde v. R'y*, 110 Mo. 193.

An instruction to disregard evidence improperly
admitted will not cure the error of admitting it, if it
was of a character prejudicial to defendant.   *State v.
Kuchner*, 93 Mo. 193, and citations.

Plaintiff can not maintain this action.   The mar-
ried woman's act created no new right.   R. S. 1889,
sec. 6869.

*John C. Turk, Wm. B. Skinner*, and *Mann & Tal-
bott* for respondent.

The wife's disability at common law to sue, if any
existed, is removed by the statute, and she could main-
tain this action.   *Clow v. Chapman*, 125 Mo. 101, and
citations.

The petition states a cause of action.   *Clow v.
Chapman, supra; Furnish v. R. R.*,102 Mo. 669.

Where a person sustains a loss or damage, by the
wrong of another, he may have an action on the case
for remuneration in damages.   *Blair v. R. R.*, 89 Mo.
334.

This is not an action for exemplary damages, but
for actual damages, for which plaintiff had a right to

sue. *Clow v. Chapman, supra; Bennett v. Bennett*, 116 N. Y. 584; *Westlake v. Westlake*, 34 Ohio St. 621.

If abstract of appellant had shown that any evidence was introduced at the trial, the error was cured by the instruction of the court withdrawing it. *Larimore v. R. R.*, 65 Mo. App. 167.

An action for damages will lie for injuries done resulting from wrongfully scaring and terrorizing another. *Spohn v. R. R.*, 122 Mo. 1; *Taft v. Taft*, 94 Am. Dec. 389.

Conversations and acts are competent to show condition of mind. *Brown v. R'y*, 66 Mo. 588; *Blair v. Coffman*, 5 Am. Dec. 659; *Goss v. R'y*, 50 Mo. App. 621; 1 Greenlf. Ev., sec. 102, note.

Instructions 1, 2, and 3, given for plaintiff, properly declared the law. *Goss v. R'y, supra; Furnish v. R'y*, 102 Mo. 669.

BOND, J.—Plaintiff sues for damages for loss of support by her husband and for loss of his comfort and society, alleging that he was driven insane by threats of violence made by defendant. The answer is a general denial. There was a verdict for plaintiff for $500, from which defendant appealed.

It is insisted that the court should have sustained defendant's objection to any evidence for lack of capacity in plaintiff to sue and for failure of the petition to claim punitive damages. Each of these objections is untenable. A married woman, under the

RIGHT of married woman to maintain action in own name for loss of husband: damages: pleading.

present statutes, may maintain in her own name an action for loss of her husband's support, comfort, and society. *Clow v. Chapman*, 125 Mo. 101. Nor was there any necessity for a separate statement as to exemplary damages when the petition did not ask for a recovery of such. She had a perfect right to waive her claim to

vindictive damages and ask only for actual or compensatory damages. The petition being drawn in the latter form was not governed by the act of 1895, page 168, section 1.

It is next urged that there was no evidence to sustain the allegations as to the cause of the insanity of plaintiff's husband. The bill of exceptions in this case consists of two hundred and seventy-three pages of typewritten matter. The abstract and brief of appellant contains three pages of excerpts from the testimony of two witnesses. Several legal propositions are suggested in the brief, but no evidence bearing on them is contained therein and we would be well warranted in affirming the present judgment for failure of appellant to comply with the law and rules of this court. *Isaac v. Bohn-Verdin Lumber Co.*, 47 Mo. App. 30. But waiving that right in this instance, an examination of the testimony adduced for plaintiff in the bill of exceptions discloses that there was evidence tending to show that plaintiff and her husband were tenants upon a portion of the land of defendant, having resided thereon some two years; that the husband was a healthy, able-bodied man, up to the time (spring of 1895) when defendant began to threaten him with personal violence; that on one of the occasions of such threats defendant in the presence of others told plaintiff's husband that he, defendant, would hang him (the husband); that one of the bystanders picked up a stone and stopped defendant from untying a rope with which to carry out his threat; that the husband left the scene completely unnerved and barricaded the windows and doors of his house, refusing to go out from it at night; that defendant at a subsequent time called upon plaintiff's husband and renewed his threats of hanging him, saying that he would get a mob to assist in the hanging; that the husband returned from

*Marginal note:* EVIDENCE: verdict.

this scene overcome with fear, from which time he developed a case of insanity, accompanied by ravings of fear of violence from the defendant, Ed. Hill, and others. There was also testimony tending to show that when defendant was acquainted with the condition of plaintiff's husband, defendant admitted that he had scared him by threats of hanging, and said he would take the husband to the asylum, and the wife and five children to the poorhouse. There was also testimony that plaintiff's husband was a sound and healthy man, until the influence and terrors of defendant's threats were brought to bear upon him. This evidence demonstrates that there is no merit in the contention that the verdict was unsupported by the proof.

The next point is, that as the petition made no claim for exemplary or punitive damages, evidence as to the financial condition of defendant was incompetent. The brief and abstract of appellant does not specify any evidence of this sort. An examination of the bill of exceptions discloses that there was some testimony as to an affidavit made by defendant of the amount of property owned by him. Conceding that this was a misreception the court at plaintiff's request expressly instructed the jury, that no such evidence should be considered or taken in view by them. There is nothing shown in the abstract of appellant or the bill of exceptions which indicates that the evidence in question exerted a harmful effect on the mind of the jury. Its erroneous admission was therefore cured by the instruction of the court withdrawing it. *Larimore v. Railroad*, 65 Mo. App. 173, and cases cited.

*ERRONEOUS admission of evidence: instruction withdrawing.*

It is further insisted that the court erred in admitting testimony as to the declarations of plaintiff's husband after he became insane. There was a strong

Clark v. Hill.

chain of circumstances shown in the evidence tending
to prove that the insanity of the plaintiff's
husband was directly caused by the acts
and violent threats done and made by de-
fendant.   Whether or not the declara-
tions of the plaintiff's husband after he became insane
were competent evidence as tending to show that he
was possessed of a hallucination in harmony with the
evidential tendency of the proof adduced by plaintiff,
need not be decided.   They were clearly admissible as
tending to show the nature, extent, character, and
permanence of his insanity; and that being a fact
alleged, plaintiff was entitled to prove it by competent
evidence (although defendant admitted such insan-
ity).   The evidence being properly receivable for this
purpose, was not therefore open to the objection
made.

The only other point made relates to the clause
in plaintiff's second instruction authorizing a recovery
for the probable earnings of the husband.
There was evidence which clearly indicated
that his insanity was permanent and incur-
able, hence the court did not err in permitting a
recovery for the earnings of which plaintiff was de-
prived on this account.

If the evidence adduced on this trial by plaintiff is
true, and it was believed by the jury, defendant's con-
duct was inexcusable, and fully warranted the recovery
in this case.   The judgment herein will therefore be
affirmed.

All concur.

### NOTE.

BIGGS, J.—The declarations of the husband were
admissible for the purpose of showing the condition of
his mind but not to prove that his insanity was caused

by the threats of the defendant. *Gibson v. Gibson*, 24 Mo. 227; Burrill on Insanity, sec. 216. The objection of the defendant to the admission of the evidence was too broad. It extended to its exclusion for any purpose. His course was to ask an instruction limiting its application. *Schlicker v. Gordon*, 19 Mo. App. 479; *Babb v. Ellis*, 76 Mo. 459.