Argued 11 April, decided 21 May, 1907, rehearing denied.

### KEEN v. KEEN.

10 L. R. A. (N. S.), 504: 90 Pac. 147.

APPEAL—SUFFICIENCY OF ABSTRACT.

1. An abstract of the record is sufficient if it shows enough of the proceedings to enable the court to pass upon the questions presented, which was the case here.

HUSBAND AND WIFE—ALIENATION OF HUSBAND'S AFFECTIONS.*

2. Since the enactment of Section 5250, B. & C. Comp., removing all civil disabilities on a wife that do not exist as to the husband, and granting her in her own name alone the same right to appeal to the courts for redress that her husband has, a married woman may maintain in Oregon an action for the alienation of her husband's affections.

ALIENATION OF HUSBAND'S AFFECTIONS—EFFECT OF WIFE'S DIVORCE.

3. A wife's right to damages for alienating her husband's affections is not affected by obtaining a divorce from him after the alienation and consequent desertion.

TRIAL—INVADING PROVINCE OF JURY.

4. The jury being the exclusive judges of the facts under Section 139, B. & C. Comp., trial courts must refrain from remarks that may be construed as expressing a conclusion or inference from the evidence.

In an action by a wife for the alienation of her husband's affections, the court, in overruling an objection to evidence tending to show that plaintiff's husband had sought the affections of defendant, stated that he did not think it made any difference, as his experience and observation had been that a woman "is not liable to be seduced without she contributes a little in some way to the general purposes of the case." Subsequently an instruction was given to the effect that if the jury believed that plain-

---

*NOTE.—On this subject see the following cases: *Bennett* v. *Bennett,* 6 L. R. A. 553 (with briefs and note) ; *Foot* v. *Card,* 6 L. R. A. 829 (with briefs) : 18 Am. St. Rep. 258 ; *Duffies* v. *Duffies,* 8 L. R. A. 420 (with briefs) : 20 Am. St. Rep. 79 ; *Doe* v. *Roe,* 8 L. R. A. 833 : 17 Am. St. Rep. 499, 500 (with note) ; *Warren* v. *Warren,* 14 L. R. A. 545 (with briefs) , *Haynes* v. *Nowlin,* 14 L. R. A. 787 (with briefs) : 28 Am. St. Rep. 213 (with note) ; *Clow* v. *Chapman,* 26 L. R. A. 412 (with briefs) : 46 Am. St. Rep. 468 (with note, 472-478) ; *Hodgkinson* v. *Hodgkinson,* 27 L. R. A. 120 (with briefs) : 47 Am. St. Rep. 759 ; *Price* v. *Price,* 29 L. R. A. 150 (with briefs) : 51 Am. St. Rep. 360 ; *Brown* v. *Brown,* 38 L. R. A. 242 (with briefs) ; *Gernerd* v. *Gernerd,* 40 L. R. A. 549 : 64 Am. St. Rep. 646, 649 (with note) ; *Beach* v. *Brown,* 43 L. R. A. 114 (with briefs) : 72 Am. St. Rep. 98 ; *Seaver* v. *Adams,* 49 Am. St. Rep. 597 ; *Reed* v. *Reed,* 51 Am. St. Rep. 310 ; *Smith* v. *Smith,* 60 Am. St. Rep. 838 ; *Betser* v. *Betser,* 78 Am. St. Rep. 303 : 52 L. R. A. 630 (with briefs). For very complete collections of authorities, see *Fratini* v. *Caslini,* 49 Am. St. Rep. 843 (with note 845-852) ; *Adams* v. *Main,* 50 Am. St. Rep. 266 ; *Oakman* v. *Belden,* 80 Am. St. Rep. 396 ; *Callis* v. *Meriwether,* 103 Am. St. Rep. 404 ; *Nolin* v. *Pearson,* 114 Am. St. Rep. 605 : 4 L. R. A. (N. S.) 643 (with note) : 6 A. & E. Ann. Cas. 658 (with note, 661-666) ; *Morris* v. *Warwick,* 7 A. & E. Ann. Cas. 687, with note.                                    REPORTER.

tiff's husband made advances toward defendant, and she merely received them passively, and gave no active encouragement, the verdict must be for defendant, and that the mere fact that a man became infatuated with a woman and fell in love with her did not furnish a ground of action against her. *Held,* that the remark was error, under B. & C. Comp., § 783, providing that an inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect, and Section 139, providing that in charging the jury the court must not present the facts of the case, but inform the jury that they are the exclusive judges of the facts.

From Washington: THOMAS A. McBRIDE, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Della B. Keen against Susan Keen to recover damages. The complaint states, in effect, that for many years prior to November, 1903, the plaintiff and William B. Keen were husband and wife, and lived happily together; that in the years 1902 and 1903 the defendant, wrongfully and maliciously intending to injure the plaintiff and to alienate her husband's affections, persuaded him to leave his home and to reside with the defendant; that thereafter their conduct became so notorious and scandalous that the plaintiff secured a divorce from him in November, 1903, in the Circuit Court of the State of Oregon for Washington County, and, after the expiration of six months from the granting of the decree dissolving the marriage contract, he intermarried with the defendant, and they now are husband and wife; and that by reason thereof the plaintiff has been deprived of his society and support, and has also suffered great distress of body and mind, to her damage in a specified sum. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled, whereupon an answer was filed denying the material allegations of the complaint. The cause was tried, and a verdict for $3,000 in plaintiff's favor was returned, and, judgment having been entered thereon, the defendant appeals.

REVERSED.

For appellant there was a brief over the names of *C. W. Miller* and *Samuel Bruce Huston,* with an oral argument by *Mr. Huston.*

For respondent there was a brief over the names of *Spencer & Davis* and *H. F. Bagley,* with an oral argument by *Mr. Wilfred Edgar Farrell.*

Opinion by MR. JUSTICE MOORE.

1. As a preliminary matter, the plaintiff's counsel move to dismiss the appeal, on the ground that the printed abstract, which is used in lieu of a transcript, is insufficient to present the errors relied upon for a reversal. The statute permits an appellant to file such an abstract of the record of a cause as the rules of the appellate court may require (B. & C. Comp. § 553), and, as the abridgement in the case at bar is a sufficient compliance with the requirements of this court, the motion must be denied: *Backhaus* v. *Buells,* 43 Or. 558 (72 Pac. 976, 73 Pac. 342).

2. It is insisted by defendant's counsel that the right of a married woman to maintain an action for the alleged alienation of her husband's affection did not exist at common law, and has not been conferred by our statute, and, this being so, an error was committed in overruling the demurrer. The following enactment, relating to the rights of a married woman is in force in this state:

"All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed: Provided, that this act shall not confer the right to vote or hold office upon the wife, except as is otherwise provided by law; and for any unjust usurpation of her property or natural rights she shall have the same right to appeal in her own name alone to the courts of law or equity for redress that the husband has": B. & C. Comp. § 5250.

Mr. Bishop, in his Law of Married Women (Section 279), in speaking of the effect of such legislation, says: "It is plain in reason that, if a statute simply gives to the wife the authority to 'sue and be sued,' without the joinder of her husband, this alone will enable her to maintain in her own name an action for a simple tort affecting her person or reputation, because the suffering and injury are hers, and the only obstacle to her maintaining the action under the common-law rules is her incapacity

to appear in court without her husband." In *Haynes* v. *Nowlin*, 129 Ind. 581 (29 N. E. 389: 14 L. R. A. 787: 28 Am. St. Rep. 213), in construing a statute authorizing the wife to sue alone, it was held that she could maintain an action against one who wrongfully enticed her husband from her and alienated his affections. In deciding that case, Mr. Chief Justice ELLIOTT, commenting upon the boast of the common law that "there is no right without a remedy," says: "It seems to us very clear that, in view of the facts that true principle requires that a married woman should have a remedy for the vindication of a violated right, and that her rights and obligations have been so greatly increased and enlarged by the enabling statutes, she may have redress against one who wrongfully takes her husband from her." In a few of the states it has been ruled by the courts of last resort that such an action cannot be maintained; but, where modern legislation recognizes the doctrine that the wife has rights which courts should respect, reason and the great weight of authority uphold the principle that for the loss of consortium, which includes the husband's society, love and assistance, the law now affords her an adequate remedy. The plaintiff's counsel herein cite the case of *Waldron* v. *Waldron* (C. C.), 45 Fed. 315, which was an action by a divorced woman for alienating the affections of her husband, wherein she secured a verdict. The judgment rendered thereon was reversed on appeal, however, on the ground that improper evidence had been admitted over objections, and that an assertion had been made in argument by counsel of facts of which no evidence was properly before the jury, to which exceptions were taken: *Waldron* v. *Waldron*, 156 U. S. 361 (15 Sup. Ct. 383: 39 L. Ed. 453).

3. In *Postlewaite* v. *Postlewaite*, 1 Ind. App. 473 (28 N. E. 99), it was decided that a divorced woman might maintain an action for the alienation of the affections of her former husband. So, too, in *Beach* v. *Brown*, 20 Wash. 266 (55 Pac. 46: 43 L. R. A. 114: 72 Am. St. Rep. 98), it was held that a wife's right of action for damages for the alienation of her husband's affections was not lost by reason of her obtaining a divorce from

him. We conclude, therefore, that no error was committed in overruling the demurrer.

4. W. B. Keen, as defendant's witness, was interrogated on cross-examination as follows:

"I will ask you to state if at the time that you and Susan Reynolds (it was then) and Frank Burton and Sadie Keen came to Portland, as you have described, if you were not the one that insisted that Susan Reynolds should sit with you?"

To which the witness replied:

"No, sir.

Q. And you insisted upon her sitting on the front seat with you, and she had gotten on the back seat, and you insisted that she get over on the front seat with you?"

An objection to this question, on the ground that it was irrelevant and immaterial, having been interposed, the defendant's counsel observed that his client was charged with having alienated the affections of William Keen, and that the accusation could not be substantiated by evidence which tended to show that Keen had sought the society and affections of the defendant. Thereupon, the court, in overruling the objections, said, in the presence of the jury:

"I don't think it makes any difference in this case. The charge is that she seduced him. My experience has been, my observation has been, that a woman is not liable to be seduced without she contributes a little in some way to the general purposes of the case."

An exception to this remark having been reserved, it is contended by defendant's counsel that an error was thereby committed. It is maintained by plaintiff's counsel, however, that, if the court's expression was objectionable, any error in that respect was cured by the following part of the charge:

"If the jury believe that W. B. Keen made advances toward the defendant, and the defendant simply refused to receive those advances, without rejecting them, and did no affirmative act to encourage the said W. B. Keen, except to passively receive his advances, then your verdict must be for the defendant. I give you this as the law. I said to you yesterday that it was the

duty of a good woman to affirmatively reject such advances, and to send a man about his business when he offered them. On further consideration, I think my statement yesterday was not the law; but this is the law, if she does not do anything to encourage them. The mere fact that a man becomes infatuated with her, and falls in love with her, if she does nothing affirmatively to encourage that affection, does not, in itself, furnish a ground of action—a cause of action. In order to sustain an action for the alienation of the husband's affection, it must appear, in addition to the fact of alienation, or the fact of the husband's infatuation for the defendant, that there had been a direct interference on the defendant's part sufficient to satisfy the jury that the alienation was caused by the defendant, and the burden of proof is upon the plaintiff to show such interference."

The only part of this instruction that could be applicable to the court's remark is that which relates to the duty a good woman owes to society—affirmatively to reject the advances of a man when offered, and to send him about his business. A comparison of this language with that used by the court in its observation, to which exception was taken, would seem to indicate that the reference in the instruction was not directed to the remark, which leaves the impression that if Keen, who was then married to another, sought the defendant's society, it was to be inferred from his suit that she encouraged his addresses and was therefore liable for the consequences which followed. An inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect: B. & C. Comp. § 783. Our statute commands that, in charging the jury, the court shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact: B. & C. Comp. §139.

The remark complained of was, in our opinion, a violation of the provision last mentioned, and, believing that it was not expressly withdrawn, it is impossible to say what the effect of such language was on the minds of the triers of the fact; and hence the judgment is reversed, and a new trial ordered.

REVERSED.