ANGELA GAMBINO, Respondent, v. MANU-FACTURERS COAL & COKE COMPANY, Appellant.

**St. Louis Court of Appeals, June 24, 1913.**

DAMAGES: Husband and Wife: Injury to Husband: Loss of Con-sortium: Right of Recovery by Wife. Where a husband is temporarily incapacitated as a result of the negligence' of an-other, the wife is not entitled to recover from such person for loss of the society, aid, comfort and support of her hus-band.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED.

*F. H. McCullough, Campbell & Ellison* and *Higbee & Mills* for appellant.

Respondent's instruction No. 1 is erroneous for the reason that plaintiff's husband had full knowledge of the conditions and assumed all risks, and for the reason that it submits to the jury plaintiff's loss of support by her husband. Feneff v. Railroad, 203 Mass 278.

*Samuel W. Sawyer* and *James M. Souby, Amici Curiae.*

(1) An investigation of the common law fails to reveal a true analogy between the right of the wife

to the society of her husband and the right known as *consortium,* which formed the gist of the action at common law by the husband for injuries to his wife. Guy v. Levesey, Cro. Jac. 501; Hyde v. Scyssor, Cro. Car. 538; Marri v. Railroad, 84 Com. 9. (2) To allow recovery to the plaintiff in this case would be to violate the established rule of damages applicable in such cases. 3 Blackstone's Comm. 140; 1 Chitty on Pleading (13 Am. Ed.), 73; 1 Bacon's Ab., 502; Reeves, Dom. Rel. 138; Pollock on Torts, sec. 196; Tiffany, Persons & Dom. Rel. 77; Schouler, Dom. Rel. (5 Ed.), sec. 77; 1 Cooley on Torts (3 Ed.), 469; 1 Sutherland, Damages (3 Ed.), sec. 16; Logan v. Railroad, 96 Mo. App. 461; Brown v. Railroad, 31 Mo. App. 661; Blair v. Railroad, 89 Mo. 334; Spohn v. Railroad, 116 Mo. 617; Rawlings v. Railroad, 97 Mo. App. 511; Marshall v. Mining Co., 119 Mo. App. 270; Furnish v. Railroad, 102 Mo. 669; The Notting Hill, L. R., 9 P. D. 105; Com'rs v. Coultas, L. R., 13 App. Cas. 222; Winsmore v. Greenbank, Willes, 577; Baker v. Bolton, 1 Camp. 493; Hyatt v. Adams, 16 Mich. 180; McKinney v. Stage Coach Co., 4 Ia. 420; Jones v. Railroad, 40 Hun 349; Marri v. Railroad, supra; Bolger v. Railroad, 205 Mass. 420; Cregin v. Railroad, 83 N. Y. 595. (3) In every reported case in which the wife has attempted to assert such a right as that here sought to be asserted, it has been unequivocally denied her. 6 Thompson's Comm. on Law of Neg., sec. 7411; 21 Cyc. 1530; Goldman v. Cohen, 63 N. Y. S. 459; Feneff v. Railroad, 203 Mass. 278; Brown v. Kistleman, 98 N. E. 631; Bolger v. Railroad, supra; Marri v. Railroad, supra. (4) The analogy sought to be made between this action and those brought by the wife for the alienation of the husband's affections will not hold. And herein of other analogies. Hickey v. Welch, 91 Mo. App. 4; Cornelius v. Cornelius, 233 Mo. 1; Fronk v. Fronk, 159 Mo. App. 543; Clark v. Hill, 69 Mo. App. 541; Spohn v.

Railroad, 116 Mo. 617; Sharp v. Biscuit Co., 179 Mo. 553; Marshall v. Mining Co., supra; Howard v. Estate Co., 161 Mo. App. 552; Behan v. Transit Co., 186 Mo. 430; Morgan v. Ross, 74 Mo. 318; Comer v. Taylor, 82 Mo. 341; Buck v. Railway & Light Co., 46 Mo. App. 555; Andrew v. Waddell, 54 Mo. App. 611; Frick v. Railroad, 75 Mo. 542; Marri v. Railroad, supra; Heisler v. Heisler, 127 N. W. 823; Burch v. Goodson, 116 Pac. 216; Powers v. Sumbler, 110 Pac.. 97; Miller v. Miller, 134 N. W. 1058; Flandemeyer v. Cooper, 98 N. E. 102; Corbett v. Railroad, 71 Pac. 1065; Washburn v. Abram, 28 Ky. L. R. 985; Soper v. Igo, 28 Ky. L. R. 519; Lynch v. Knight, 9 H. L. Cas. 577.

*Smoot & Cooley* and *James Dorian* for respondent.

By the provisions of Sec. 8304, R. S. 1909, a married woman is virtually made a *feme sole,* with right to sue and be sued, and by the provisions of Sec. 8309, she has a cause of action for any violation of her personal rights. Under these statutes and the following Missouri decisions, she has the right to recover in this case: Clow v. Chapman, 125 Mo. 101; Clark v. Hill, 69 Mo. App. 541; Nichols v. Nichols, 147 Mo. 387; Love v. Love, 98 Mo. App. 562. The action is an independent action by the wife for deprivation of her rights, and is an action in tort. Womach v. St. Joseph, 201 Mo. 467.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff wife through the loss of companionship, comfort and support of her husband entailed as a result of the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant, an incorporated company, owns and operates a coal mine, and plaintiff's husband was in its employ as a coal miner at the time of his injury.

Joseph Gambino, plaintiff's husband, was injured in defendant's coal mine by a rock falling upon him from the roof over the neck of his room—that is, in a space which connects the miner's room or working place with the main entry of the mine. The rock which fell from the roof upon Gambino, it is said, was six feet in length, three feet wide and about three inches in thickness. He was caught under the edge of the rock and suffered a broken leg and other injuries which incapacitated him from performing any kind of service and rendered him sick and debilitated for a period of several months.

It appears that the neck of the miner's room where plaintiff's husband was injured, like the main entry of the mine, is in the care and keep of defendant, while the security of the room or working place of the miner is to be looked after by the miner himself. It is, therefore, conceded throughout the case that the obligation to exercise ordinary care with respect to the reasonable safety of the roof of the neck of the room from whence the rock fell rested upon defendant. The evidence tends to prove that defendant was remiss in the matter of inspecting the roof of the neck of the room and securing it from the fall of rock and that plaintiff's husband was injured as a result of defendant's negligence thereabout.

The sole question for consideration relates to the right of recovery in the plaintiff wife as for *consortium* —that is, for the loss of the society, companionship, and also the aid and support of her husband during the time he was so incapacitated. No case has been cited revealing such a recovery on the part of the wife to have been sustained, where the deprivation of the society, companionship, aid, comfort and support of her husband was occasioned through a mere negligent tort. Moreover, after considerable research, we have found none to that effect and the authorities seem with

one accord to announce a contrary view, for it is said
the entire loss is to be compensated in the husband's
suit. No one can doubt that it is the general rule that
the husband may recover in his suit damages·accrued
through a negligent injury to his person for such loss
as ensues on account of his diminished earning power
and loss of wages. But be this as it may, the wife is
entitled to the support of her husband, and prior de-
cisions declare that she may recover in her own name
from one who has wrongfully deprived her of such sup-
port, as through an intentional tort.

That she may recover under the Married Woman's
Statute in her suit for loss of the companionship, so-
ciety, aid, comfort and support of her husband of
which she is deprived through an intentional tort, as
by the alienation of his affections, is not open to ques-
tion; this for the reason that such alienation of affec-
tions and the loss it entails involves a violation of her
"personal rights." [See Clow v. Chapman, 125 Mo.
101, 28 S. W. 328; Nichols v. Nichols, 147 Mo. 387,
48 S. W. 947.] It has been heretofore determined by
this court that the wife may recover, too, for the loss
of society, comfort, companionship and aid and support
of her husband of which she is deprived by the wilful
act of a defendant who, by constant annoy-
ance and threats, occasions his insanity. [See Clark
v. Hill, 69 Mo. App. 541.] These judgments ob-
viously proceed on the theory that the loss to
be compensated results from the violation of the "per-
sonal rights" of the plaintiff wife from whom the hus-
band has been enticed or driven away through
wilful and intentional conduct on the part of defend-
ant. In this view, it is said the "personal rights" of
the wife to have the companionship and support of her
husband have been directly invaded and there-
fore the tort involved is a wrong perpetrated upon her.
The proposition is entirely sound in those cases in-

175 Mo. App. 42

volving the alienation of the affections of the husband, for it is certain there the husband would have no right of action as for a wrong perpetrated upon him, especially in view of the fact that he participated in the wrong upon his wife. But such may not be true as to the subject-matter involved in Clark v. Hill, supra, for there it would seem the husband, driven insane by the wilful conduct of Hill in threatening violence, etc., would have a right of action therefor as well, for in such case the suffering of the insane husband, though purely mental, resulted from malicious, inhuman and oppressive conduct. [See Hickey v. Welch, 91 Mo. App. 4.]

It is difficult to square the principle reflected in Clark v. Hill with the rule of decision which obtains in cases of the character of this one; but be that as it may, that case is not directly in point here, for it certainly does not involve a negligent tort; on the contrary that tort was intentional and malicious. However, the question is confused and we are much embarrassed by the judgment in that case. The authorities with one accord deny the right of the wife to recover for the loss of the society, aid, comfort and support of her husband, as in this case, where he is but temporarily incapacitated through the negligence of another, on the ground, as we understand it, that the tort involved is a wrong inflicted directly on the husband to whom the cause of action accrues and that the loss of the wife sought to be compensated therein is merely consequential. In other words, it is reasoned that such loss of society and support does not amount to a violation of her "personal rights" under the Married Woman's Statutes, but rather that the tort is against, and the injury to, her husband, to whom alone compensation should be made; for her right, derived through the marital relations with him, is remote and therefore not a subject for juridical consideration

so long as he may enforce it. In this view, the courts have denied the right of recovery of the wife for the loss of the society, comfort and support of her husband in every case of this character with which we are acquainted. There is but one authority in this State on the question and that is a recent decision of the Kansas City Court of Appeals, directly in point. [See Stout v. Kansas City Terminal Ry. Co., 172 Mo. App. 113, 157 S. W. 1010; see, also, to the same effect Feneff v. N. Y. Cent. & H. River R. Co., 203 Mass. 278; Brown v. Kitselman, 98 N. E. (Ind.) 631; 40 L. R. A. (N. S.) 236; Goldman v. Cohen, 63 N. Y. Supp. 459; 21 Cyc. 1530; 6 Thomp. Neg, sec. 7411.] For a highly instructive discussion of the whole subject, though not directly in point as authority here, see Marri v. Stamford Street R. Co., 84 Conn. 9.

The judgment should be reversed. It is so ordered. *Allen, J.,* concurs. *Reynolds, P. J.,* concurs in separate opinion.

## CONCURRING OPINION.

REYNOLDS, P. J.—I concur entirely in the result reached by my Brother NORTONI but think that we should expressly overrule so much of the decision of our court in Clark v. Hill, 69 Mo. App. 541, as holds that a like action can be maintained. That was an action by the wife for damages sustained in the loss of the support and association of the husband, it being alleged that he was driven insane by threats of violence made by defendant. Obviously, as pleaded and proven there, it was not a tort directed against the wife; not an intentional tort as against her, such as are cases of alienation of the affections of the husband and the like. Clark v. Hill rests, on this proposition, alone on the decision of our Supreme Court in Clow v. Chapman, 125 Mo. 101, 28 S. W. 328. That was an action for alienation of the affections of the husband, a tort

against the wife as such.  Judge BLACK squarely and unmistakably places the decision on the common law right of the husband to maintain an action for damages against a third person for enticing away his wife and depriving him of her society, and of the like right in the wife under our statute.  Acknowledging that the common law gave the wife no corresponding right, he distinctly finds support for her action in such a case in the changed status of the wife which is brought about by our statute.  I do not think that either on the facts or the principle involved Clow v. Chapman furnishes any support for the holding of our court in Clark v. Hill on this point, and I think we should distinctly overrule that decision in so far as it holds that the kind of actions there and here involved can be maintained by the wife or the husband.  Otherwise and on other points covered by that decision, it is a correct and very lucid statement of the law.