Argued October 15; affirmed December 3; rehearing denied December 24, 1929

LEAFA H. SHEARD, ADMINISTRATRIX, v. OREGON ELECTRIC RAILWAY CO.

(282 Pac. 542)

＊　　＊　　＊　　＊　　＊

For appellant there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Charles A. Hart* with an oral argument by *Mr. Hart.*

For respondent there was a brief over the names of *Messrs. Senn & Recken* and *Mr. Frank Holmes* with oral arguments by *Mr. Holmes* and *Mr. Frank S. Senn.*

McBRIDE, J. Unless there was error in the admission of some material part of the testimony above recited, it seems clear to us that there was sufficient evidence to be submitted to the jury as to defendant's liability. The jury, and not the court, was the tribunal to weigh the value of the testimony introduced by plaintiff and of that introduced by the defendant; to contradict it or to show contributory negligence. The jury has decided, and, unless evidence objected to was erroneously admitted, the matter ends so far as the court is concerned. As to defendant's objection to the admission of evidence, that several automobiles had stalled at the same place, we think that such testimony is admissible: *Gynther v. Brown & McCabe,* 67 Or. 310, 319 (134 P. 1186) *Coates v. Marion County,* 96 Or. 334, 340 (189 P. 903).

It was not improper to admit evidence that the defendant was informed of the conditions at the point in controversy. It tended to preclude the assumption that the conditions had occurred so recently that defendant had no notice of them and consequently no time to correct them. It may well be that a single isolated instance of a prior accident in the same locality might not be evidence of the dangerous condition of the track and its surroundings. We are clear that where, as here, evidence of frequent, though not precisely identical, instances of the same character at the same spot, constitutes some evidence that the locality is unsafe.

The third and last assignment of error is to the following instructions given by the court:

"You are also instructed, ladies and gentlemen—I don't know whether I have covered that before or not—that if you find that the defendant or its motorman in operating its train saw the plaintiff's intestate on the track in the automobile, a sufficient distance away from the deceased, to have enabled it to have stopped its train, it was defendant's duty to stop its train, and the failure to do so under such circumstances would constitute negligence on the part of the defendant; if you find that was the case, then the plaintiff would be entitled to recover, if that was one of the proximate causes of decedent's death, unless you should find also that plaintiff's intestate, Mr. Sheard, negligently or voluntarily drove upon the track and placed himself in the position in which he was when he was struck or his truck was struck by the train."

The instruction, so far as it went, correctly stated the law, though not clearly, and was subject to some criticism, perhaps by both parties, but upon an exception being interposed by defendant's counsel, the court said:

"I thought I was giving the instruction you requested, Mr.Holland—I will give the instruction you requested—the trainmen were not required to anticipate that a vehicle would be traveling or standing at the place of the accident, but they had a right to assume that no vehicle would be at such a place or at that place, but if in the exercise of ordinary care they should have seen and observed it, then it was their duty if they did see it—or if they should have seen it in the exercise of ordinary care—then it was their duty to avoid striking it.

"That is what I tried to give and if the court said anything different in the former instruction, the jury will disregard it."

This was practically the substance of request XV of defendant and was sufficient to remove any obscurity in the instruction alluded to. The case may have been a very close one on the question of intoxication of the deceased, and upon contributory negligence in deceased not leaving his car sooner, but these matters were for the jury. If we take the testimony of Cinnamon, which the jury no doubt accepted, it was a question of a very few seconds between the time that the headlights of the train came into view until the accident occurred. Whether deceased was aware that the train was coming until it struck his truck, does not appear. He was confronted with a dilemma. If he left his car on the track, a train was liable to come along and strike it with the possibility of derailment and injury to passengers and occupants, and it was his duty to get the car off if such a course was reasonably practicable. Evidently there was little time to deliberate even if he was aware of the approach of the train. He was at the wheel engaged in an attempt to get his car off the track and as his companion said, when asked if deceased had any time to get out of the way after the train came in sight, "He didn't have any time, he didn't even have time to get out of the truck." In view of his testimony, and the conditions shown, it was for the jury to say whether his being in the truck was contributory negligence on his part.

AFFIRMED.

The judgment is affirmed.

BROWN and BELT, JJ., not sitting.