Argued June 18; affirmed September 15, 1931

# SHEARD *v.* OREGON ELECTRIC RAILWAY CO.
### (2 P. (2d) 916)

*Frank Holmes,* of McMinnville (Senn & Recken, of Portland, on the brief), for appellant.

*Philip Chipman,* of Portland (Carey, Hart, Spencer & McCulloch, of Portland, on the brief), for respondent.

ROSSMAN, J. The plaintiff, a widow, brought this action against the defendant for the loss of consortium of her husband whose injury and subsequent death, she alleged, occurred through the negligence of the defendant. A demurrer to the complaint predicated upon the contention that that pleading did not state facts sufficient to constitute a cause of action, was sustained by

the circuit court, and judgment for the defendant was thereafter entered when the plaintiff declined to plead further. She then appealed. Previously, the plaintiff, as administratrix of the estate of her deceased husband, had recovered judgment against the defendant in the sum of $7,500 in an action of the character authorized by section 5-703, Oregon Code 1930; see *Sheard v. Oregon Electric Railway Co.*, 131 Or. 415 (285 P. 542). The parties agree that the only question presented by this appeal is the right of a married woman to recover for the loss of the consortium of her husband resulting from the alleged negligence of the defendant.

Section 33-215, Oregon Code 1930, provides:

"All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed; provided, that this act shall not confer the right to vote or hold office upon the wife, except as is otherwise provided by law; and for any unjust usurpation of her property or natural rights she shall have the same right to appeal in her own name alone to the courts of law or equity for redress that the husband has."

The plaintiff seems to concede that the decision in *Kosciolek v. Portland Ry. L. & P. Co.*, 81 Or. 517 (160 P. 132), holds that an action of this character cannot be maintained, but insists that the decision in *Elling v. Blake-McFall Co.*, 85 Or. 91 (166 P. 57), weakens the authority of that decision, if it does not overrule it, and that the principles of law employed in *Keen v. Keen*, 49 Or. 362 (90 P. 147, 10 L. R. A. (N. S.) 504, 14 Ann. Cas. 45), when applied to this case, demand a reversal of the judgment of the circuit court. In the case last cited, this court held that a divorced woman could maintain an action for the alienation of the affec-

tions of her husband. In *Kosciolek v. Portland Ry. L. & P. Co.,* supra, we held that a widow could not maintain an action for the loss of consortium against one who had negligently injured her husband, resulting in his subsequent death. In *Elling v. Blake-McFall Co.,* we decided that a widower could maintain an action for loss of consortium against one who had negligently injured his wife. The plaintiff urges that the decisions in the Kosciolek and Elling cases are in conflict with one another; that the latter recognizes the right of a spouse to maintain an action for loss of the consortium of the other; and that the principles of law employed in the Keen and Elling cases demanded a holding that the plaintiff can maintain this action.

■ It will be recognized that distinctions of a consequence exist between the situations presented by *Kosciolek v. Portland Ry. L. & P. Co.* and those presented by the other two cases. The primary and direct damage resulting from a negligent act inflicts itself upon the person injured thereby. If that individual is the head of a household, the effect of the negligent act may also assert itself upon the wife and the other dependents of the injured party by depriving them of the support which otherwise would have been forthcoming from the injured person but the injury received by them is consequential and remote when compared with the injuries inflicted upon the person who was struck; see, for instance, *Smith v. Nicholas Building Co.,* 93 Ohio St. 101 (112 N. E. 204, Ann. Cas. 1918D, 206, L. R. A. 1916E, 700). When the damage money is paid to the husband and father, it is assumed that all wrongs which resulted from the negligent act will be righted; that is, that the head of the family will employ his compensation as the means of meeting his family obligations just as he would have used his wages had their

*Sargument not here subscribed.*

payment not been interrupted by his injured condition. A discussion may be found in *Bernhardt v. Perry,* 276 Mo. 612 (208 S. W. 462, 13 A. L. R. 1320). Accordingly, when damages are being meted out to one who has been negligently injured, the yardstick which determines the amount is the principle of just compensation. On the other hand, the situation presented in cases like *Keen v. Keen* reveals one where the wrongful act was inflicted directly upon the wife. She has an equal interest with her husband in the preservation of the marriage relationship. The courts, through several processes of reasoning, have concluded that in actions of alienation of affection, criminal conversation, and causes predicated upon the plying of the husband with narcotic drugs or intoxicating liquors, the wife has a direct and not a derivative chose in action: 30 Col. L. Rev. 651. The decisions have especially pointed out that, when an interloper destroys the conjugal relationship and wins the affection of the husband from the wife, it is the latter, and not the husband, who is the injured party. The husband having been a party to the wrong could hardly be expected to maintain the action. In actions of the type just mentioned the injury is maliciously or intentionally inflicted as distinguishing from one that results from negligent conduct: *Roberts v. Cohen,* 104 Or. 177 (206 P. 293); *Pugsley v. Smyth,* 98 Or. 448 (194 P. 686). The damages allowed by law in such actions assume the nature of punishment rather than compensation; in fact, it is not entirely necessary that the wrong should have resulted in pecuniary loss to the complaining wife.

The above distinctions possibly are not controlling, but, having them in mind, let us proceed to determine whether *Kosciolek v. Portland Ry. L. & P. Co.* finds support among the authorities, and also, of course, in

reason. In our search, we shall undertake to find whether courts which award recoveries in situations like those presented in *Keen v. Keen* and *Elling v. Blake-McFall Co.* award damages for loss of consortium to a wife whose husband was negligently injured by the defendant.

The plaintiff seems to concede that in the absence of statute a wife has no right to maintain an action for an injury negligently inflicted upon her husband. Plaintiff's concession is well sustained by the authorities: see the annotations in Ann. Cas. 1918D, p. 208; 19 L. R. A. (N. S.) 633; 30 C. J., Husband and Wife, p. 973, § 693, and 13 R. C. L., Husband and Wife, p. 1443, § 493. The reason for this condition of the common law we shall mention later. Our specific problem, therefore, is whether the section of our Married Women's Act previously quoted has effected a change in the above rule, and whether the holdings in *Elling v. Blake-McFall* and *Keen v. Keen* demand that a wife or a widow should be permitted to maintain an action of the present character.

The reason why at common law a husband could recover for loss of consortium, but his wife could not, is historical in character. In the bygone generations when the customs, conduct, and belief of the English people were crystallizing themselves into the rules of human conduct which are now known as the common law, a woman was not regarded socially or civilly as the equal of her husband. He had the right to her labor and services. It was her duty to administer to him in all relations of domestic life, including the rearing of his children and the maintenance of his household. Marriage operated as a suspension for most purposes of the legal existence of the wife. In those days hus-

band and wife were regarded as one—and he was that one. That contemplation of the status of a married woman created her various disabilities; her inability to contract, to maintain an action in her own name, etc. With much truth it has been said that in those by-gone days the relationship between husband and wife was that of a liege lord and his vassal. Such being the manner in which the law regarded husband and wife it can readily be understood why a husband could maintain an action for the loss of the consortium of his wife without there being available to the wife a similar action. Blackstone tells us (3 Blackstone, Lewis's Ed., p. 143) that at common law notice was taken of only the wrongs done to the superior of the parties related and that the loss of the inferior was totally disregarded. The reason, according to Blackstone, was "the inferior hath no kind of property in the company, act, care or assistance of the superior, as the superior is held to have in those of the inferior; and therefore, the inferior can suffer no loss or injury."

There remains for determination the question whether the above section of our Married Women's Act has wrought a change. The decision in *Kosciolek v. Portland Ry. L. & P. Co.*, supra, written by Mr. Justice BURNETT, held that that piece of legislation conferred upon the wife no new rights of action, but merely removed existing disabilities so as to enable the wife in her own name to secure redress for breaches of her rights. In the decade and a half that has passed since that conclusion was announced many other courts have passed upon the same problem but none has come to an opposite conclusion. Quite to the contrary, the decision written by Mr. Justice BURNETT has been cited as an illuminating authority by several other courts.

The Supreme Court of Maryland (*Emerson v. Taylor,* 133 Md. 192, 104 Atl. 538, 5 A. L. R. 1045) has spoken concerning it thus: "The most satisfactory discussion of this phase of the case will be found in *Kosciolek v. Portland Ry. L. & P. Co.*" In fact, all of the decisions antedating *Kosciolek v. Portland Ry. L. & P. Co.*, as well as those which came after it, agree that the wife is possessed of no cause of action for loss of consortium against one who negligently inflicted an injury upon her husband or caused his death. The authorities themselves expressly so state. For instance, in one of the most recent of the decisions (*Nash v. Mobile & O. R. Co.*, 149 Miss. 823 (116 So. 100, 59 A. L. R. 676) the Mississippi court expressed itself thus:

"At first, it would probably seem anomalous to hold that a husband may maintain such suit and a wife be denied an equal right. It is seldom, however, that we find a principle of law so universally settled, and by authorities from jurisdictions with as liberal statutes emancipating women from common-law disabilities, as our Code section, supra.

"Our state was the first to lift womanhood from the shackles that bound her to many rigors of the common law. The statute quoted here did not create in the wife a new right of action for loss of consortium, which never existed at common law. It could have done so, but it did not. The husband had such right, and the legislation removing the disabilities of coverture left his right unimpaired. * * * We conclude that § 2185 of our Code did not create in the wife a new cause of action for damages, predicated upon injury to her husband who survives such injury, which injury might involve the wife's loss of consortium of her husband. She was denied the right to sue for such damages under the common law. Until the legislature speaks through further enactment, we conceive it to be our duty to follow what seems to be the universal rule."

A writer in 31 Law Notes 65, who is strongly sympathetic with the view that the right to sue for loss of consortium should be mutual, states the condition of the authorities thus:

"In the light of modern ideals as to the equality of spouses before the law, and the legislation which has been enacted in aid of those ideals, it would seem prima facie that no right could possess more of mutuality than this, and that its infraction should give remedies in no way affected by the sex of the spouse deprived of consortium. Yet such is the force of tradition that the rule is almost universal that while the husband has the right to sue for a loss of consortium due to a negligent injury to his wife, despite a recovery by the wife in her own name for the injury (see 13 R. C. L. title Husband and Wife, § 642), the wife has no corresponding right in case of injury to her husband. (Cites cases.) The modern rule was thus bluntly stated in *Cravens v. Louisville, etc., R. Co.*, (1922) 195 Ky. 257 (242 S. W. 628): 'It is sufficient to say that it is settled by the decided weight of authority that while the wife may recover for the loss of the consortium of her husband due to an intentional wrong or a direct attack on the marriage relation, as for the alienation of the husband's affections and the like—yet in the absence of a statute conferring the right, no recovery can be had for the loss of consortium due merely to a negligent injury, and a married woman's act, giving her a right to hold separate property and to sue alone, confers no new right of action, but only the power to sue for the protection of rights which she already had.' * * * In view of the number and uniform trend of the authorities it is highly improbable that the present rules on the subject under consideration will ever be judicially modified. * * * Statutes putting spouses on an equality in this respect would be most timely and should meet with little opposition."

In the following annotations will be found collections of cases holding that the Married Women's Act

has not changed the common law which denied to the wife an action for the loss of the consortium of her husband against one who had negligently injured him: 59 A. L. R. 680; 37 A. L. R. 897; 18 A. L. R. 882, and 5 A. L. R. 1049. Two recent decisions to similar effect not cited in the above annotations are: *Bull v. Chicago M. & St. P. Ry. Co.*, 6 F (2d) 329, and *McDaniel v. Trent Mills*, 197 N. C. 342 (148 S. E. 440). In 13 R. C. L., Husband and Wife, p. 1443, section 493, the editor cites many decisions holding that the Married Women's Acts have not authorized the maintenance of actions of this kind. 30 C. J., Husband and Wife, p. 973, § 693, states:

"For an injury done to the husband the wife cannot join with him in an action for damages, unless by statutory authority; and except in one state, no action accrues to the wife for the loss sustained by her, such as his consequent inability to support and maintain her comfortably, or loss of his wages, services, or consortium, nor can she recover for nursing him, where the injury was caused by a third person's negligence, as distinguished from the intentional and direct injury which in some jurisdictions supports a wife's action for alienation of her husband's affection or a  *  *  *."

It will be observed that the editor of Corpus Juris states that the above rule has found support in all of the decisions "except in one state." The decision which he cites is *Hipp v. E. I. Dupont de Nemours & Co.*, 182 N. C. 9 (108 S. E. 318, 18 A. L. R. 873). Another decision which is sometimes cited is *Clark v. Hill,* 69 Mo. App. 541. In the first of these two cases the North Carolina court sustained a judgment of the trial court which awarded to a wife damages for the loss of the consortium (among other items) against one who had negligently injured her husband. But in *Hinnant v. Tide Water Power Co.*, 189 N. C. 120 (126 S. E. 307, 37 A. L. R. 889), the court expressed itself thus con-

cerning *Hipp v. Dupont*: "After diligent research, we have failed to find a single decision (apart from the intimation in *Hipp v. E. I. Dupont de Nemours & Co.*, supra), which approves the wife's right to recover damages for the loss of consortium under the circumstances appearing in the instant case, and to sanction such right of recovery would be tantamount to the recognition of a doctrine utterly at variance with a most enlightened judicial opinion prevailing in other jurisdictions." The Hinnant case involved facts very similar to those now before us. Through the negligent conduct of the defendant, the husband had sustained an injury from which he subsequently died. His widow, as administratrix, had prosecuted to a successful conclusion an action on behalf of the estate. Subsequently she sought damages by reason of her loss of consortium. She succeeded in the lower court, which apparently followed the rulings in *Hipp v. E. I. Dupont de Nemours & Co.* In reversing the judgment, the Supreme Court held: "After careful examination of the authorities, we are satisfied that the plaintiff is not entitled to damages for mental anguish or loss of consortium upon the facts developed in the record, and that the defendant's prayer to this effect should have been given. Any intimation to the contrary in *Hipp v. E. I. Dupont de Nemours & Co.* is disapproved." To same effect see a still later North Carolina case: *McDaniel v. Trent Mill*, 197 N. C. 342 (148 S. E. 440). We have mentioned the fact that *Clark v. Hill*, decided by the Missouri Court of Appeals, is cited in the earlier textbooks and annotations as taking a view contrary to the general rule. The wife in that case, based upon charges that the defendant by threats of violence toward her husband had driven him insane, recovered a judgment for loss of consortium. However, in *Gambino*

*v. Coal & Coke Co.,* 175 Mo. App. 653 (158 S. W. 77), wherein the wife sought damages for loss of consortium against one who had negligently injured her husband, the same court declared ''we are much embarrassed'' by the holding in *Clark v. Hill.* It pointed out that the tort in the latter case ''certainly does not involve a negligent tort; on the contrary, that tort was intentional and malicious. * * * The authorities with one accord deny the right of the wife to recover for the loss of the society, aid, comfort and support of her husband, as in this case, where he is but temporarily incapacitated through the negligence of another.'' Presiding Judge Reynolds declared: ''We should expressly overrule so much of the decision of our courts in *Clark v. Hill,* 69 Mo. App. 541, as holds that a like action can be maintained.'' The court denied recovery on the ground that the consequential injury to the wife arising from loss of support, etc., was too remote for judicial consideration.

■ It thus appears that the authorities everywhere are in harmony with our holding in *Kosciolek v. Portland Ry. L. & P. Co.* The decisions acquiesce in the conclusion stated in that case that at common law the wife had no such cause of action and that the Married Women's Acts have given her none.

There remains for consideration only the question whether the holdings in *Keen v. Keen* and *Elling v. Blake-McFall Co.* are out of harmony with the decision in the Kosciolek case. The distinctions between the situation in *Keen v. Keen* and the Kosciolek case are, as we have already pointed out, the difference between an intentional wrong and a negligent one, and the further distinction between direct damages and consequential ones. Whether these differences are sufficient to justify a difference in the legal treat-

ment, and whether an intentional injury should be dealt with differently from one inflicted by a negligent act are subjects for legislative determination and no longer for judicial attention. The reasons for the different treatment of husband and wife in actions for loss of consortium we have already discussed. It is interesting to note, however, that in some states unlike our own the effect of the Married Women's Acts has destroyed the husband's right of an action for loss of consortium. See, for instance, *Bolger v. Boston Elevated Railway*, 205 Mass. 420 (91 N. E. 389), and *Marri v. Stanford Street Railroad Co.*, 84 Conn. 9 (78 Atl. 582, 33 L. R. A. (N. S.) 1042, Ann. Cas. 1912B, 1120). The above being the condition of the law, we find no conflict between our previous decisions and no reason in the holdings of *Keen v. Keen* and *Elling v. Blake-McFall Co.* that persuades us that the wife can maintain an action of this character. Courts which permit the wife to maintain actions for alienation of affection everywhere deny her the right to sue for loss of consortium against one who has negligently injured her husband: 30 Col. L. Rev. 651.

Viewing the above in a purely abstract manner, it would seem that in a wife's demand for damages for loss of consortium through the negligent injury of her husband the loss sustained by her is no more remote and consequential than the loss sustained by a husband whose wife is similarly injured. Possibly, as is suggested in 30 Col. L. Rev. 651, the distinction between actions founded upon injuries willfully or maliciously inflicted and those negligently inflicted is not sufficiently substantial to warrant the maintenance of the one and the rejection of the other. But, be that as it may, it is clear that the law has never granted to the wife a right of action for loss of con-

sortium sustained by a negligent act, and that must suffice as a reason for our conclusion that the circuit court committed no error.

A practical reason that is available possibly justifies what seems like a discrimination between husband and wife: the wife is well compensated by other special privileges and rights for the absence of this remedy.

The judgment of the circuit court is sustained.

BEAN, C. J., RAND and KELLY, JJ., concur.