## CLOW v. CHAPMAN, *Appellant.*

### Division One, November 26, 1894.

1. **Husband and Wife:** ALIENATION OF HUSBAND'S AFFECTIONS: ACTION BY WIFE. Under the enabling statutes of this state by the provisions of which a wife is placed on an equality with her husband with respect to her personal and property rights, she may maintain an action against third persons for enticing away her husband and alienating his affections, in the same manner as such action may be maintained by the husband.

2. **Married Women:** REMEDIAL LEGISLATION. The statutes of this state concerning married women are, for the most part, remedial and should be construed and administered so as to give effect to their general object and purpose.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Amick & Brown, J. W. Boyd* and *J. W. Brockett,* for appellant.

The court committed error in, refusing to permit the plaintiff to introduce any evidence in the case. The petition states a cause of action, and plaintiff should have been permitted to prove the allegations therein made. "A divorced woman may maintain an action for damages for the alienating of the affection of her former husband." By the statutes of this state she could sue, even if she were not divorced. "At all events, there can be no shadow of an excuse for denying her the right of action, when she has been divorced." *Postlewaite v. Postlewaite,* 28 N. E. Rep. 99; *Bennett v.*

*Bennett,* 116 N. Y. 584; 23 N. E. Rep. 17; *Bassett v. Bassett,* 20 Ill. App. 543; *Jaynes v. Jaynes,* 39 Hun, 40; *Foot v. Card,* 58 Conn. 1; *Brieman v. Paasch,* 7 Abb. (N. C.) 249; *Baker v. Baker,* 16 Abb. (N. C.) 293; *Seaver v. Adams,* 19 Atl. Rep. 776; *Westlake v. Westlake,* 34 Ohio St. 621; *Mehrhoff v. Mehrhoff,* 26 Fed. Rep. 13; *Warner v. Miller,* 17 Abb. (N. C.) 221; *Churchill v. Lewis, Id.,* 226; *Simmons v. Simmons,* 4 N. Y. Supp. 221; *Quick v. Church,* 22 or 23 Ontario. Even without the enabling statutes favoring actions by married women, married women could maintain an action in this state where the husband had abandoned the wife and had renounced her society. *Rose v. Bates,* 12 Mo. 21; *Phelps v. Walther,* 78 Mo. 320.

*Dowe, Johnson & Rusk* for respondent.

(1) The married woman's act in this state has no further effect than to remove common law disabilities and to enable the wife to sue in her own name without joining her husband with her for "any violation of her personal rights." The act created no new right, Revised Statutes, 1889, section 6869. (2) At common law the wife had no right or property in the relationship existing between her husband and herself. She occupied the position of an inferior to her husband. *Abbott v. Abbott,* 67 Maine, 305; *Doe v. Roe,* 20 Atl. Rep. 83 (82 Maine, 503); *Duffies v. Duffies,* 76 Wis. 374; 31 Central Law Journal, page 32—note; *Mulford v. Clewell,* 21 Ohio St. 191; *Van Arnam v. Ayers,* 67 Barb. 544; *Logan v. Logan,* 77 Ind. 558; *Callaway v. Laydon,* 47 Iowa, 456; *Freese v. Trip,* 7 Ill. 503; *Confrey v. Stark,* 73 Ill. 187; Schouler on Husband and Wife, section 66; *Wood v. Matthews,* 47 Iowa, 409; Blackstone's Commentaries, Book III, pages 142 and 143. (3) Statutes in derogation of the common

law are to be strictly construed. (4) The fact that the appellant was, after the acts complained of in the petition, divorced from her husband, does not give her the right to maintain an action for the alienation of his affections. *Abbott v. Abbott*, 67 Maine, 305; 9 Am. and Eng. Encyclopedia of Law, page 775.

BLACK, P. J.—According to the petition the plaintiff and David Clow were married in 1866, and lived together as husband and wife until 1884, when they were divorced, for the fault and misconduct of David. Before they were divorced, the defendant alienated the affections of the plaintiff's husband, and induced him to abandon plaintiff and take up his abode with her, the defendant. The petition contains other averments which need not be recited. At the trial the defendant objected to the introduction of any evidence for the assigned reason that the petition stated no cause of action, which objection the court sustained, and hence this appeal.

The common law gives a husband an action for damages against a third person for enticing away his wife and depriving him of her society. Schouler on Husband and Wife, sec. 64. Proof of pecuniary loss is not necessary to sustain such an action, because the action is based upon loss of the companionship and society of the wife. *Reinhart v. Bills*, 82 Mo. 534; *Begaouett v. Paulet*, 134 Mass. 125.

The question we are now called upon to determine is, whether a wife has a corresponding action against third persons for the alienation of the affections of her husband, and depriving her of his society. It seems to be very generally held in this union that the common law gives her no such action, though this question is left in much doubt, in England, by the conflicting opinions in *Lynch v. Knight*, 9 H. L. Cas. 577.

It is held in *Duffies v. Duffies*, 76 Wis. 374, that a

married woman has no such action, either at common law or under the statute of that state. The statute there considered, gave the wife an action for any "injury to her person of character." On the other hand, a number of well considered cases in the courts of different states affirm the right of a married woman to maintain an action against third persons for enticing her husband away, and depriving her of his aid, comfort and society. *Bennett v. Bennett*, 116 N. Y. 584; *Foot v. Card*, 58 Conn. 1; *Westlake v. Westlake*, 34 Ohio St. 621; *Seaver v. Adams*, 19 Atl. Rep. (N. H.) 776; *Postlewaite v. Postlewaite*, 1 Ind. App. 473; *Bassett v. Bassett*, 20 Ill. App. 544; *Mehrhoff v. Mehrhoff*, 26 Fed. Rep. 13.

There is considerable diversity in these cases as to the grounds upon which the judgments are made to stand. In *Bennett v. Bennett, supra*, it is held a wife had a right to such an action by the common law, but the right could only be enforced by joining her husband in the suit, that the code of that state gives her the right to sue in her own name, so that she may now prosecute such a suit for her own benefit. *Westlake v. Westlake, supra*, is made to stand on the ground that, while the right of the wife to maintain such an action at common law may be doubtful, all doubts are resolved in her favor by the statute laws of that state, which provide that all rights in action which "have grown out of a violation of any of her personal rights" shall remain her separate property and under her sole control. It is also held in that case that the benefit which a wife has in the society of her husband is equal to that which he has in her society.

In *Seaver v. Adams*, the court recites the substance of the various legislative enactments of that state on the subject of married women, placing a married woman upon an equality with her husband in respect

Clow v. Chapman.

of property, torts and contracts, and conferring upon her the right to sue and be sued. It is then said: "And as the only reason why the wife formerly could not maintain an action for the alienation of her husband's affections was the barbarous common law fiction that her legal existence became suspended during the marriage, and merged into his, which long since ceased to obtain in this jurisdiction, there remains now not the semblance of a reason, in principle, why such an action may not be maintained here."

Such are the grounds upon which some of the cases sustain the wife's action for damages in the class of cases now in question.

We find it stated by one author that the wife can not maintain such an action at common law or under a statute, save where the statute clearly enables her to prosecute such a suit. Schouler on Husband and Wife, sec. 65. On the other hand, it is said: "To entice away, or to corrupt the mind and affections of one's consort is a civil wrong for which the offender is liable to the injured husband or wife." Bigelow on Torts, 153. Cooley says in the text: "It is also generally supposed that the wife can have no action against one who should seduce the husband's affections from her, or in any manner deprive her of his care and society;" but in a note he says: "We see no reason why such an action should not be supported, where, by statute, the wife is allowed, for her own benefit, to sue for personal wrogns suffered by her." Cooley on Torts [2 Ed.], 267.

We may now bring in contrast the *status* of a married woman in respect to her personal rights under the common law and our statutes, and first as to the common law. "By marriage, the husband and wife are one person in law; that is, the very being or legal existence of the woman is suspended during the

marriage, or, at least, is incorporated and consolidated into that of the husband." 1 Bl. Com. 442. And as to the many disabilities of the wife following from this principle of unity, the great commentator says they are "for the most part intended for her protection and benefit; so great a favorite is the female sex of the laws of England." *Id*. 445.

According to the statute law of this state a husband can not convey any interest to his wife in her real estate, or the rents and profits thereof, save by deed executed by her as well as by himself. He is not liable for the debts of his wife, incurred by her before marriage. All real estate and personal property, including rights in action, belonging to her at her marriage, or thereafter acquired, or due as the wages of her separate labor, "or have grown out of any violation of her personal rights, shall be and remain her separate property and under her sole control;" and she may "in her own name and without joining her husband as a party plaintiff, institute and maintain any action for the recovery of any such personal property, including rights in action as aforesaid, with the same force and effect as if such married woman was a *femme sole*." We omit reference to statutes enacted after the present cause of action accrued.

Now the common law prevails in this state, except in so far as it has been modified by statute. Let it also be conceded that by the common law the wife could not maintain a suit against third persons for depriving her of her husband's comfort and society, because her legal existence became merged in that of the husband by the marriage. The case then turns upon the effect to be given to these statutes. They are disabling to a large extent, so far as they apply in terms to the husband; and they are enabling, in so far as they apply to the wife. They give her an entirely different standing

from that occupied by her at common law.   Her position is now more like that of a wife under the civil law. Instead of her legal existence being suspended, as incorporated and consolidated into that of her husband, she is made to stand out in bold relief with a separate and distinct legal existence as to her property and also as to her personal rights; and she may enforce all such rights by proceedings in her own name independently of her husband.   She is placed upon an equality with her husband in many and indeed most respects.   By force of the marriage contract, husband and wife are each entitled to the society and comfort of the other, the one to as great an extent as the other.   As a wife is now placed on an equality with her husband in respect of her property and personal rights, and as a husband may have his action as against a third person for enticing away his wife, the wife has her action against third persons for enticing away her husband. This conclusion has, in our opinion, the support of the great weight of authority and the better reason.

But it is insisted, on behalf of the defendant, that the statutes of this state, before set out, do not confer upon the wife any new rights, that the personal rights mentioned in these statutes are the personal rights which she had at common law, that disabilities are removed but no new rights are created, and as she had no right of action at common law to remedy a wrong like the one in question, she has none under the statute law.   There is, at first blush, some force in the argument; but upon consideration we consider it no more than adhering to a barren technicality.   The statutes, when considered in their full scope and purpose, give the wife a separate legal existence, whereas, before, her legal existence was considered merged into that of her husband, and for this reason and no other she could not maintain the action.   New rights and new obliga-

tions necessarily arise from the changed condition as incidents thereto. When she is given the sole control of her personal property and the right to recover the same by her own suit, it must follow as an incident that she has the right to make contracts in respect of such property; though the statute may not in terms give her the right to make contracts in relation thereto. Full dominion over her property carries with it the power to dispose of such property, as a necessary incident. So new personal rights and obligations flow to her because of the fact that she is given a separate and distinct legal existence.

Besides all this, the words of the statute, "personal rights," are very comprehensive. They are the same words found in the Ohio statute. In the case before cited from Wisconsin, the court approves the Ohio case, because the statute of Ohio uses these comprehensive words. The statutes of this state concerning married women are for the most part remedial, and should be construed and administered so as to give effect to their general object and purpose. We see nothing in the argument pressed upon our consideration to modify the result before expressed. The judgment is reversed and the cause remanded. All concur.