ROXIE F. LEWIS, Appellant, v. F. A. MADDY, Appellee.

**DEATH:** Damages—Right of Action. The administrator alone can
1    maintain action for damages for wrongful death of the decedent, and neither a husband nor a wife may sue in an individual capacity for the damages resulting therefrom.

**APPEAL AND ERROR:** Review—Scope and Extent in General—
2    Nominal Damages. Where, even if damages were awarded a wife for loss of consortium during one hour between the injury and death of her husband, the same would necessarily be nominal, the Supreme Court will not reverse a judgment of dismissal against her.

**APPEAL AND ERROR:** Reservation of Grounds—Insufficient Pres-
3    entation. An item of damages claimed in a petition which has been dismissed as not alleging a cause of action, which is not

presented in appellant's brief or argument, will not be considered on appeal.

*Appeal from Marion District Court.*—GEORGE B. LYNCH, Judge.

OCTOBER 25, 1919.

ACTION by the plaintiff to recover damages for the loss of consortium of her husband, by reason of personal injuries sustained through negligence of the defendant, which resulted in the death of the husband. There was a demurrer to the petition, which was sustained. The plaintiff elected to stand upon her petition, and submit to judgment of dismissal. She appeals.—*Affirmed.*

*L. D. Teter,* for appellant.

*Vander Ploeg & Johnson,* and *Burrell & Devitt,* for appellee.

EVANS, J.—The plaintiff's husband, while in the employ of the defendant, fell from a scaffold, sustaining injuries from which he died, one hour later. The action is for damages for the loss of consortium for such space of one hour following the injury.

It is the law of this state, as appellant concedes, that damages for wrongful death accrue to the administrator of the decedent. Neither husband nor wife may sue in an individual capacity for the damages resulting from such wrongful death. *Major v. Burlington, C. R. & N. R. Co.,* 115 Iowa 309.

1. DEATH: damages: right of action.

Under many of our previous cases, however, it has been held that the husband may recover individually for loss of consortium and services of the wife, and for expenses incurred in her treatment during the period intervening between the time of the injury and the time of death. Whether the right of action has

2. APPEAL AND ERROR: review: scope and extent in general: nominal damages.

been superseded to the husband by Section 3477-a, Code Supplemental Supplement, 1915, we shall have no occasion to determine herein. The contention of the appellant is that this right subsists to the husband, and that it ought to subsist to the wife, for the same reason, the right of con-sortium of the wife being equal to that of the husband. Concededly, the wife would have no right to recover for loss of the services of her husband. The contention of the plaintiff, then, is reduced to this: that she is entitled to recover for the loss of consortium during the space of one hour intervening between the injury and the death.

Without passing upon the legal question thus presented, it is enough to say that the damages for such a brief space of time would necessarily be nominal. We so held in *Lane v. Steiniger,* 174 Iowa 317, 319, and in *Jacobson v. Fullerton,* 181 Iowa 1195. We could not, therefore, reverse for the purpose of allowing nominal damages, even though the legal contention of plaintiff were sustained. We shall not, therefore, undertake to pass upon it.

The petition claimed also an item of damages for funeral expenses. This item is not pressed in argument, nor presented in the brief of appellant. We have no occasion, therefore, to consider that. The judgment below must, therefore, be—*Affirmed.*

**3. APPEAL AND ERROR:** reservation of grounds: insufficient presentation.

LADD, C. J.; PRESTON and SALINGER, JJ., concur.