No. 14,157.

Giggey v. Gallagher Transportation Company et al.
(72 P. [2d] 1100)

Decided October 11, 1937.

Mr. SIMON QUIAT, Mr. SAMUEL S. GINSBERG, Mr. NATHAN H. CREAMER, Mr. HARRY S. CLASS, Mr. OSCAR A. JOHNSON, for plaintiff in error.

Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error Louise E. Giggey, as plaintiff below, brought this action to recover damages from defendants, defendants in error here, for the alleged loss of the "society and consortium" of her husband, Ernest N. Giggey, caused by injuries received by him and occasioned by the "wrongful acts and conduct, carelssness and negligence" of defendants. The husband sued for and recovered judgment against the present defendants for the same alleged injuries, which judgment was recently affirmed by this court. See *Gallagher Transportation Co. v. Giggey,* 101 Colo. 116, 71 P. (2d) 1039. In the present action, defendants filed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, plaintiff elected to stand upon her complaint, and judgment of dismissal was duly entered. To this ruling error is assigned.

So far, in this jurisdiction, the matter here involved is one of first impression. Only one question is presented, namely, Does plaintiff have the right to maintain this action? For the purposes of our consideration, the alleged negligence of the defendants is admitted by the demurrer. Plaintiff contends that in this state a

husband may bring suit for damages for loss of the society and consortium of his wife occasioned by negligence of a third party, and argues from analogy that a wife should have the right to maintain a similar action based on the same grounds. She further insists that her contention is supported by decisions of this court, citing *Union Pacific Ry. Co. v. Jones,* 21 Colo. 340, 40 Pac. 891; *Denver Tramway Co. v. Riley,* 14 Colo. App. 132, 59 Pac. 476, and *Rains v. Rains,* 97 Colo. 19, 46 P. (2d) 740; however, she rests her case primarily upon section 6, article 2, of the Colorado Constitution, section 2, chapter 108, '35 C. S. A. (section 5577, C. L. '21), and section 6 of the Code of Civil Procedure. These enumerated sections contain the provisions which emancipate married women from many of the disabilities imposed by the common law, and the cited decisions of this court, supra, lay emphasis on the wife's independence of her husband in that she is guaranteed a remedy against all persons, including her husband, for every personal injury she may sustain.

Defendants admit that a wife, not under common-law disability, may recover for the loss of consortium where there has been a direct impairment of that right, as, for example, in an action based upon alienation of affections, but strenuously contend that this right does not extend to a case such as the one at bar, where there has been an interference with the right only indirectly by reason of an injury negligently inflicted on the husband. We are not here concerned as to the status of a husband, as to whether he has a right to bring suit for the loss of the ''society and consortium'' only. As to whether or not the wife, as plaintiff here, can do so, we must answer. Our first observation in this case is, that there was only an indirect interference with plaintiff's right of consortium by the negligence of the defendants. It is apparent that such right has not been *directly* invaded; and that the loss she alleges has resulted only indirectly from the negligent act of another.

Her recovery for this indirect loss, in the contemplation of the law, already has been realized indirectly through the action by her husband in which he recovered damages for the injury to which her indirect loss is attributable. 13 R. C. L. 1443, §493. The wrongful acts or negligence of which complaint is made in this case were committed against the husband and not directly against plaintiff. His recovery from the defendants as hereinbefore recited, precludes a double recovery for the same injury or wrong. We find no authority supporting plaintiff's right to recover for the loss of consortium alone occasioned by the negligent acts of third persons, and there is legion of text and decided cases squarely holding that she has no such right. We feel it unnecessary to enter into any extended discussion of the question believing that it is sufficiently answered by a citation of the following authorities: 13 R. C. L. 1443, §493; 30 C. J. 973, §693; *Bernhardt v. Perry,* 276 Mo. 612, 208 S. W. 462; *Brown v. Kistleman,* 177 Ind. 692, 98 N. E. 631; *Hinnant v. Tidewater Power Co.,* 189 N. C. 120, 126 S. E. 307; *Kosciolek v. Portland Ry. L. & P. Co.,* 81 Ore. 517, 160 Pac. 132; *Patelski v. Snyder,* 179 Ill. App. 24, and *Stout v. Kansas City Terminal Ry. Co.,* 172 Mo. App. 113, 157 S. W. 1019.

For the reasons herein stated, which, as we have said, are supported by the great weight of authority, we hold that the trial court properly sustained the demurrer to the complaint, and its judgment of dismissal thereafter entered is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.