**Amalia M. FILICE, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 13815.

United States Court of Appeals,
Ninth Circuit.

Dec. 3, 1954.

James F. Boccardo, San Jose, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE and FEE, Circuit Judges, and CLARK, District Judge.

PER CURIAM.

The appellant, who is the wife of Frank H. Filice, brought an action against the United States in the district court under the provisions of Title 28 U.S.C.A. § 1346(b), alleging that the defendant, acting by and through its agent, servant and employee, so carelessly and negligently managed and operated a certain truck in Santa Clara County, California, that the same collided with an automobile operated by plaintiff's husband. In consequence of this negligence and carelessness, the plaintiff alleges, the husband sustained severe personal injuries which required his hospitalization for many days; that he has permanently lost his earning capacity and has suffered great pain; that he is given to moods of depression, irritability, anger, forgetfulness, impatience and hostility and is now and will permanently continue to be impotent, forgetful, nervous, uncompanionable, irascible, neglectful, inattentive and indifferent in his conjugal duties towards the plaintiff; that she has thereby lost "the consort, companionship, society, affection and support of her said husband." She alleged that by reason of the physical and mental condition of her husband, she has suffered

mental anguish by being forced to witness his suffering, and that "she has been denied the care, protection, consideration, love, conjugal affection, companionship, assistance and society" of her husband, all to her damage in the sum of $100,000, for which she prayed judgment. The trial court ordered the complaint dismissed without leave to amend.

In order to prevail here the appellant must demonstrate that if the defendant were a private person it "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." § 1346(b) supra. It is conceded that there are no California decisions which recognize any right of the wife to recover for loss of "consortium" resulting from a negligent injury to her husband. There is no doubt but that the almost unanimous view of the courts throughout the United States is that the wife has no such action.[1]

Appellant calls attention to the generally recognized rule that a husband, in recovering for loss of services of his wife, may also recover damages for loss of her society and companionship, Edminister v. Thorp, 101 Cal.App.2d 756, 226 P.2d 373; cf. Prosser, supra, p. 940, and to the fact that certain sections of the California Civil Code, defining in general language the duty to avoid injury to persons, liability for negligence, and compensation for injury,[2] make no distinction as between husband and wife. Her argument here parallels the reasoning of the court in Follansbee v. Benzenberg, 122 Cal.App.2d 466, 476, 265 P.2d 183, 189, in which the court discarded the old common law rule that a wife could not recover for expenses incurred by her in caring for her injured husband.[3] Hence we are asked to hold that today, in this more enlightened age, the law of California on this matter is the same as the law in the District of Columbia as declared in the Hitaffer case, supra, note 1.

---

1. The cases are collected in Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F. 2d 811, 23 A.L.R.2d 1366 and in Prosser on Torts, pp. 946 to 948.

   Appellant concedes that her allegations of her own "mental anguish" in witnessing her husband's sufferings furnish no ground for recovery.

2. "California Civil Code: § 1708. Duty to Avoid Injuring Persons or Property.— Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

   "1714. Liability for Negligence or Tort. —Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief."

   "3281. Compensation for Injury.— Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

"3282. Detriment defined.—Detriment is a loss or harm suffered in person or property."

   "3523. For every wrong there is a remedy."

3. At page 189 of 265 P.2d: "The legal status of a wife has changed. Her legal personality is no longer merged in that of her husband. A husband has no longer any domination over the separate property of his wife. A wife may sue in her own name without joining her husband in the suit. Generally a husband and wife have, in the marriage relation, equal rights which should receive equal protection of the law. When the reason for the rule ceases, so should the rule. Civ.Code, § 3510. No one should suffer by the act of another. Civ.Code, § 3520. For every wrong there is a remedy. Civ.Code, § 3523. Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money. Civ.Code, § 3281. Detriment is a loss or harm suffered in person or property. Civ.Code, § 3282. The rule which gives a husband a right of action for damages sustained by him for the expense of caring for his injured wife, in view of the present legal status of the wife, should apply to her equally with the husband."

In the face of the fact that the law elsewhere is so nearly unanimous against a recovery such as that here sought, we find ourselves unable to say and we are unwilling to hold that the law of California at present recognizes the right of a wife to bring such an action.

The judgment is affirmed.