NICKEL, Appellant, vs. HARDWARE MUTUAL CASUALTY COMPANY and others, Respondents.

*April 5—May 3, 1955.*

For the appellant the cause was submitted on the briefs of *Brazeau & Brazeau* of Wisconsin Rapids.

For the respondents there was a brief by *Fisher, Peickert, Anderson & Fisher,* attorneys, and *John E. Shannon, Jr.,* of counsel, and oral argument by *Mr. Hiram D. Anderson, Jr.,* and *Mr. Shannon,* all of Stevens Point.

GEHL, J.    The question is: Has a wife a cause of action for the loss of consortium of her husband caused by the negligent act of a third person?

Although it has been presented numerous times, this court has not been called upon to consider it.    Almost without exception the courts which have had to deal with the question have answered in the negative.    In *Hitaffer v. Argonne Co.* 87 U. S. App. D. C. 57, 183 Fed. (2d) 811, 23 A. L. R. (2d) 1366, a wife's right to maintain such action was upheld. Prior to that decision only one jurisdiction had reached the same conclusion.    *Hipp v. E. I. Dupont de Nemours & Co.* 182 N. C. 9, 108 S. E. 318.    Plaintiff places some reliance

upon this case. It should be observed, however, that it was overruled by the same court in *Hinnant v. Tide Water Power Co.* 189 N. C. 120, 126 S. E. 307. See Anno. 23 A. L. R. (2d) 1378. No doubt the many cases in which a wife's claim has been rejected provide the basis for the rule as it is stated in Restatement, 3 Torts, p. 496, sec. 695:

"A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband."

We should note in connection with the *Hitaffer Case, supra,* that since two other United States courts of appeal have joined with the majority, *Seymour v. Union News Co.* 217 Fed. (2d) 168; *Filice v. United States,* 217 Fed. (2d) 515. Both were decided in 1954. A rule of the common law so universally and persistently adhered to by the courts of sister states and declared by the text writers should not be ignored unless a legislative intent to abrogate it has been clearly expressed. *Kappers v. Cast Stone Construction Co.* 184 Wis. 627, 200 N. W. 376.

"When it is claimed that a statute imposes new and very onerous responsibilities, not recognized by the common law, upon individuals and corporations, it should be shown that such meaning is very plain. It should not depend upon implication, nor be helped out by the interpolation of words or phrases." *Highway Trailer Co. v. Janesville Electric Co.* 187 Wis. 161, 179, 204 N. W. 773.

Plaintiff contends that an intent to change the rule is expressed in sec. 6.015, Stats., which reads as follows:

"6.015 WOMEN TO HAVE EQUAL RIGHTS. (1) Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and custody of children,

and in all other respects. The various courts, executive and administrative officers shall construe the statutes where the masculine gender is used to include the feminine gender unless such construction will deny to females the special protection and privileges which they now enjoy for the general welfare. The courts, executive and administrative officers shall make all necessary rules and provisions to carry out the intent and purposes of this statute."

It has been said by this court that its only purpose was to remove those disabilities which a woman incurred upon her marriage at the common law and to restore to her the rights which she enjoyed as a *feme sole*.

"From an early day this court has held that conferring upon married women by statute the rights which they possessed before their marriage was not so much the creation of a power which a married woman never possessed as a restoration of power which she had as a *feme sole* and which she lost by her marriage." *Wait v. Pierce,* 191 Wis. 202, 207, 209 N. W. 475, 210 N. W. 822.

In *Singer v. Singer,* 245 Wis. 191, 14 N. W. (2d) 43, we said that sec. 6.015, Stats., must be read in connection with sec. 246.07, which provides:

"246.07 MAY SUE IN HER OWN NAME. Every married woman may sue in her own name and shall have all the remedies of an unmarried woman in regard to her separate property or business and to recover the earnings secured to her by sections 246.05 and 246.06, and shall be liable to be sued in respect to her separate property or business, and judgment may be rendered against her and be enforced against her and her separate property in all respects as if she were unmarried. And any married woman may bring and maintain an action in her own name for any injury to her person or character the same as if she were sole. She may also bring and maintain an action in her own name, and for her own benefit, for the alienation and the loss of the affection and society of her husband. Any judgment recovered in any such action shall be the separate property and estate of such married woman.

Nothing herein contained shall affect the right of the husband to maintain a separate action for any such injuries as are now provided by law."

The court said (p. 197):

"This section, which has been upon the statute books for many years, limits a wife's right to maintain an action in her own name to injuries to her person or character. Nor is this provision of the statute enlarged by sec. 6.015 (1), Stats."

The fact that the court apparently overlooked the provisions of sec. 246.07, Stats., which grant to a married woman also the right to sue in her own name in regard to her separate property or business or for alienation of affections does not render the quotation meaningless or ineffective as a statement of the law.

We adhere to what was there said, that the provisions of sec. 246.07, Stats., are not enlarged by those of sec. 6.015, at least not to the extent here sought. In sec. 246.07 the actions which a married woman may maintain are enumerated. Their mention implies the exclusion of others. It is a special act dealing in a detailed way with the subject of actions maintainable by a married woman, to which sec. 6.015, if it might be considered conflicting, must, as a general statute, yield, even though the latter was passed after the enactment of sec. 246.07. 2 Sutherland, Statutory Construction (3d ed.), p. 541, sec. 5204.

While the fact is not controlling, it is worthy of note that sec. 6.015, Stats., appears in the chapter of the statutes entitled "Electors and General Elections" and that sec. 246.07 is found in the chapter entitled "Property Rights of Married Women." The fact suggests the possibility at least that by enactment of the former the legislature intended to grant to married women equal political rights and that the latter, and only the latter, was intended to extend their property rights.

A statute much broader in its grant of rights to married women than is sec. 6.015, Stats., was held by the Oklahoma court not to permit recovery in a case such as this. The Oklahoma statute provided:

"Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character, or any natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone: Provided, that this chapter shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law. R. L. 1910, sec. 3363." Title 32, Okla. Stats. 1941, sec. 15.

Regarding this statute the court, in *Howard v. Verdigris Valley Electric Co-op.* 201 Okla. 504, 508, 207 Pac. (2d) 784, said:

"It is generally held that a wife can recover damages arising out of an intentional wrong done to the husband, or from a direct attack upon the marriage relationship. But, there is no authority for plaintiff's argument that a wife can recover damages arising out of injuries to her husband occasioned by a third party's negligence. The multitude of decisions wherein this question has been considered precludes citation and discussion. The underlying principle to be noted in all the cases is that whatever additional rights may have been extended to women generally under the so-called emancipation statutes, or married women's acts, such statutes do not confer a new right upon the wife which permits recovery for loss allegedly resulting from negligent injuries to her husband, since no new cause of action was created thereby."

Various reasons have been given by the courts for their rejection of claims of this nature. To us the most appealing is that to permit it would result in double recovery to the husband and wife for the same injury. In the husband's

action he is entitled to recover full compensation for all injuries he sustained, including that for being incapacitated, for his inability to care for, protect, and associate with his wife. If she were authorized to recover from the same wrongdoer, the damages she has sustained for the same injuries which her husband may recover for and out of which recovery he is presumed to support and care for her, their recovery would be double, which in our opinion the legislature never intended. The settlement of a husband's claim for personal injuries resulting from the negligent act of another has always been recognized in this state as closing the incident. The right to maintain an action of this kind is at least so doubtful that the court should not confer it. Matters of policy are involved. Such matters should be submitted to the legislature whose function and exclusive province it is to consider them.

*By the Court.*—Judgment affirmed.