MAUDE LOIS ACUFF, appellant, v. RAYMOND SCHMIT, appellee.

No. 48939.

(Reported in 78 N.W.2d 480)

SEPTEMBER 18, 1956.

REHEARING DENIED JANUARY 18, 1957.

Frederick G. White and Wendell A. Holmes, both of Waterloo, for appellant.

Glenn B. Beers and R. Bruce Hughes of Reid, Beers, Beers & Hughes, all of Waterloo, for appellee.

HAYS, J.—This is an appeal from a judgment of the trial court sustaining defendant's motion to dismiss on the ground that the petition failed to state a cause of action.

The petition alleges that due to defendant's negligent operation of an automobile her husband was permanently disabled and rendered incapable to carry on marital relations. It states that plaintiff "has been permanently deprived of the aid, services, support, affection, society, companionship and consortium, including sexual relations, of her said husband" and asks damages on account thereof.

While not appearing in the record, it appears from appellee's argument that the husband's cause of action against the defendant has been settled and dismissed with prejudice. Assuming such to be the case we deem it to be immaterial to this appeal and the issue here presented.

The sole question for determination is: May a wife maintain an action for damages for loss of consortium against one

who, by his *negligence*, has permanently incapacitated her husband?

█ I. "Consortium" at common law included not only conjugal fellowship of husband and wife, but also service as a prominent, if not the dominant, factor; not so much the service resulting in the performance of labor or the earning of wages, as the service which contributed and assisted in all the relations of domestic life. Hinnant v. Tide Water Power Co., 189 N. C. 120, 126 S.E. 307, 37 A.L.R. 889. This concept of the term became known as the "material" or "practical" version. As the attitude of the courts toward the status of husband and wife, one to the other, changed, a more modern and limited version thereof was adopted by various jurisdictions. Under it the term "consortium" was limited to "the right which husband and wife have to each other's society, comfort, and affection." 41 C.J.S., Husband and Wife, section 11, page 402; Black's Law Dictionary, and has become known as the "sentimental version." This court has defined it as "conjugal fellowship of husband and wife; and the right of each to the company, cooperation, affection and aid of the other in every conjugal relation." Price v. Price, 91 Iowa 693, 60 N.W. 202, 29 L.R.A. 150, 51 Am. St. Rep. 360; McGlothlen v. Mills, 221 Iowa 204, 265 N.W. 117. Thus it appears that the "sentimental" version has been accepted in Iowa and it is on this theory that the parties have submitted this case.

While this exact question has been before this court on at least one other occasion it does not appear to have been determined and is therefore one of first impression. In the early case of Lewis v. Maddy, 187 Iowa 603, 605, 174 N.W. 346, it appears that plaintiff's husband was injured by defendant's negligence which resulted in his death one hour later. A demurrer to the petition was sustained. This court said: "Without passing upon the legal question thus presented, it is enough to say that the damages for such a brief space of time would necessarily be nominal. * * * We could not, therefore, reverse for the purpose of allowing nominal damages, even though the legal contention of plaintiff were sustained. We shall not, therefore, undertake to pass upon it."

At common law the right of a husband to maintain an action for damages for loss of consortium was recognized, usually under the "material" version which included services. 41 C.J.S., Husband and Wife, section 401(3). It is said in 1 Cooley on Torts, Third Ed., 469, that since Blackstone's day there has been an extension of the common-law right of a husband to recover for loss of consortium to cases in which the personal injury sustained by the wife was the result of negligence; so that it is generally held that it makes no difference whether the injury is intentionally or negligently inflicted. Feneff v. New York Cent. & Hudson River R. Co., 203 Mass. 278, 89 N.E. 436, 24 L.R.A., N.S., 1024, 133 Am. St. Rep. 291; annotation 23 A.L.R. 2d 1378.

While appellee asserts, perhaps correctly, this court has never passed upon the right of the husband to maintain such an action based upon negligence, we find many expressions of the court bearing, at least indirectly, upon the question.

In McKinney v. Western Stage Co., 4 (Clarke) Iowa 420, a husband sought to recover damages due to his wife's injury caused by defendant's negligence. At page 423 we said: "We suppose that at common law, the rule is well settled that for an injury to the person of the wife during coverture, by battery, or to her character, by slander, or for any such injury, the wife must join with her husband in the suit. When, however, the injury is such that the husband receives a separate loss or damage, as if in consequence of the battery, he has been deprived of her society, or been put to expense, he may bring a separate action in his own name. * * * It therefore follows, that in the case before us, the husband might maintain his separate action for any loss sustained by him in consequence of being deprived of the society of his wife, or being put to expense on account of the injury."

In McDonald v. Chicago & N.W. R.R. Co., 26 Iowa 124, 140, 95 Am. Dec. 114, we said: "At common law where the action was for a tortious injury to a married woman, the husband suing alone might recover for the expenses of a cure, for loss of service, and of the society of his wife. But in a suit in the name of the husband and wife, the cause of action was the in-

jury to the wife, and the recovery was limited to damages for that injury * * * and did not embrace the injury to the husband, who alone was liable to pay the medical attendant, and who alone was considered damnified by the loss of the services and society of his wife * * * . But our statute has changed the common-law rule as to parties in such cases. Rev. 2775. This provides that 'in an action brought by a man and his wife for an injury done to the wife, in respect of which she is necessarily joined as co-plaintiff, it shall be lawful for the husband to join thereto claims in his own right.' " See also Musselman v. Galligher, 32 Iowa 383.

Lane v. Steiniger, 174 Iowa 317, 156 N.W. 375, was an action by a husband to recover damages on account of his wife's injury and death due to being struck by a truck. It is said at pages 318, 319 of 174 Iowa: "Had death been instantaneous, no right of action would have accrued to the husband. Major v. Burlington, C. R. & N. R. Co., 115 Iowa 309. But she survived several hours after the collision and, because of this, the husband might have maintained an action * * * for loss of services, but for the enactment of section 3477-a, Code [Supplement], 1913 * * *. * * * All left to the husband, then, was the inconsiderable claim for loss of consortium during a few hours." This case is cited in Lewis v. Maddy, supra. See also Mowry v. Chaney, 43 Iowa 609; Jacobson v. Fullerton, 181 Iowa 1195, 165 N.W. 358; Bohanan v. Maxwell, 190 Iowa 1308, 181 N.W. 683, 14 A. L. R. 1004. Such a right clearly existed at common law so far as the husband was concerned, and we find no statute which deprives him of the same.

■ There is another type of action, recognized at common law and in this state, where the right of consortium is deemed to be a property right entitled to protection in the courts. For the alienation of the affections of a spouse an action could, at common law and in this state, be maintained by either the husband or the wife in her own name, depending upon which is the injured party. The gravamen of this action is the loss of consortium. 41 C. J. S., Husband and Wife, section 11; 42 C. J. S., Husband and Wife, section 665; Nolin v. Pearson, 191 Mass. 283, 77 N.E. 890, 4 L. R. A., N. S., 643, 114 Am. St. Rep.

605, 6 Ann. Cas. 658; Feneff v. New York Cent. & Hudson River R. Co., 203 Mass. 278, 89 N.E. 436, 24 L. R. A., N. S., 1024, 133 Am. St. Rep. 291; Foot v. Card, 58 Conn. 1, 18 A.1027, 6 L. R. A. 829, 18 Am. St. Rep. 258; Price v. Price, 91 Iowa 693, 60 N.W. 202, 29 L. R. A. 150, 51 Am. St. Rep. 360; McGlothlen v. Mills, 221 Iowa 204, 265 N.W. 117; Rank v. Kuhn, 236 Iowa 854, 20 N.W.2d 72.

At early common law such an action was not permitted by a wife. This was on the theory that the wife had no right of consortium, only the husband could be damnified by a loss thereof; or that, assuming the existence of a right, the restrictions of coverture required that the husband be joined as a party plaintiff. When this was done it created the anomalous situation of one joint tort-feasor suing another. Nolin v. Pearson, supra; Duffies v. Duffies, 76 Wis. 374, 45 N.W. 522, 8 L. R. A. 420, 20 Am. St. Rep. 79. Under the recognized rule that where there is a wrong there must be a remedy, necessity required that the coverture restriction be modified to allow the wife to bring suit in her own name. Wolf v. Frank, 92 Md. 138, 48 A. 132, 52 L. R. A. 102.

██ ██ Today, except where such an action is prohibited by statute, the general rule is to allow the wife to maintain such an action. However, in so doing, the courts, including Iowa, say that before liability can attach to a defendant it must appear that the acts done which effectuated the alienation must have been done with intent to produce such results; that it must appear to be a wrong directed at the wife, an intent to deprive her of her spouse's affections. In Rank v. Kuhn, supra, it is said that plaintiff in order to recover must show three things: (1) wrongful conduct of the defendant (2) loss of affection or consortium and (3) causal connection between the conduct and the loss. See also Maahs v. Schultz, 207 Wis. 624, 242 N.W. 195. To the writer, whether this requirement has any greater meaning or significance than the recognized rule that one to recover in an action based upon negligence must establish (1) defendant's negligence (2) injury or damage and (3) proximate cause between the negligence and the injury, quaere. See Lilligren v. Burns Detective Agency, 135 Minn. 60, 160 N.W. 203, L. R. A.

1917B 679; Sheard v. Oregon Elec. Ry. Co., 137 Ore. 341, 2 P.2d 916; Prosser on Torts (1941) page 948; 22 Michigan Law Review 1; 30 Columbia Law Review 651. But be that as it may, it must be conceded that in this state "consortium" is deemed to be a property right. In Price v. Price, supra, page 698 of 91 Iowa, we find the following statement: "As it [consortium] is a valuable property right when due to the husband, it must be so regarded when due to the wife."

While at common law the husband and wife were considered as one, and he was the one, this archaic rule has been changed or modified by various legislative enactments and thus the status and rights of a married woman depend in a great measure upon the statutes in the respective states. While this court in approaching a matter of first impression should and does give careful consideration to the decisions of other jurisdictions upon the question, and, in the absence of statutory expression, to the common-law rule, its ultimate duty is to adopt that rule best supported by logic and sound reasoning and in accord with the spirit of our own legislative expression. Nickel v. Hardware Mutual Casualty Co., 269 Wis. 647, 70 N.W.2d 205.

Perhaps the dominant reason at common law for denying relief to the wife was her lack of capacity to sue at law except as she was joined with her husband as a party plaintiff. Such rule is no longer recognized in Iowa. Rule 10, R. C. P., provides "A married woman may sue or be sued without joining her husband." See also section 1687, Code of 1851.

Again, at common law, a wife's property, at least during coverture, belonged to the husband, with the possible exception of choses in action which became his if and when realized upon during the coverture. The Iowa rule is different. Section 597.1, Code of 1954, provides: "A married woman may own in her own right, real and personal property, acquired by descent, gift, or purchase, and manage, sell, and convey the same, and dispose thereof by will, to the same extent and in the same manner the husband can property belonging to him." See section 2202, Code of 1873.

Section 597.18, Code of 1954 (section 1454, Code of 1851),

permits a married woman to make contracts and enforce them the same as if she were unmarried.

Section 613.11, Code of 1954, allows a woman to sue for damages because of a negligent or wrongful injury to her, and specifically states that "there shall be no disabilities or restrictions" upon her right to recover. While we question the applicability of this section to the instant situation as it probably refers to bodily injury, its history is enlightening as to the legislative attitude regarding the status and rights of married women. See chapter 214, section 2, Acts 44th G. A.; chapter 297, Acts 49th G. A.

██ The foregoing statutes, even without giving to them a liberal construction to which they are entitled, Jones v. Jones, 19 Iowa 236, clearly indicate the intention of the legislature to remove the common-law restrictions of coverture. Today, a wife is no longer her husband's chattel, but stands as his equal in the eyes of the law and the courts. See Amendment of 1926 to section 4, Article III, Iowa Constitution.

Appellant cites and relies primarily upon the case of Hitaffer v. Argonne Co., 87 App. D.C. 57, 183 F.2d 811, 23 A. L. R.2d 1366. Appellee cites numerous cases from various states where relief, such as prayed for here, has been denied and calls attention to the fact that the Hitaffer case stands alone as an authority for appellant's contention, sort of a "what has not been—may not be" contention. We have examined many of the authorities cited and do not find statutes exactly like our own dealing with the rights of married women; neither are we impressed with the various reasons advanced as a basis for denying the relief prayed.

Some courts deny relief on the ground that to allow the wife to recover would be to allow double recovery for the same wrong. These courts concede the right of the husband to recover. Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A. L. R. 1320; Nickel v. Hardware Mutual Casualty Co., 269 Wis. 647, 70 N.W. 2d 205. To so hold is to say that the wife has no right of consortium or, granting such a right, it is the property of the husband. If we are to so hold we must ignore our statutes granting the wife the rights of unmarried women and our prior decisions

that consortium is a valuable property right when due to the husband and must be so regarded when due to the wife. Price v. Price, supra. There is certainly no logic to the contention that because the husband may recover for wrongs done to him, for his wife to recover for wrongs done to her, where they arise out of the same incident, is to allow a double recovery.

Some of the cited authorities hold that the alleged loss to the wife is too remote and yet recognize the right of the husband to recover where the wife has been incapacitated. Giggey v. Gallagher Transp. Co., 101 Colo. 258, 72 P.2d 1100; McDade v. West, 80 Ga. App. 481, 56 S.E.2d 299 (by an evenly divided court). The inconsistency of the statement is self-apparent. Furthermore, it being in effect a statement as to causation, it is not in harmony with our own decisions. Dennis v. Merrill, 218 Iowa 1259, 257 N.W. 322; Roller v. Independent Silo Co., 242 Iowa 1277, 49 N.W.2d 838.

 While we recognize the almost total lack of precedent for allowing appellant's cause of action, we deem precedent to be worthy of support only when it can stand the scrutiny of logic and sound reasoning in the light of present-day standards and ideals. We think the reasoning and logic advanced in the Hitaffer case is sound; that the reasoning and logic advanced by the great weight of authority denying relief is not. We think the modern concept of a married woman's status and rights is well stated in Follansbee v. Benzenberg, 122 Cal. App.2d 466, 476, 265 P.2d 183, 189, 42 A. L. R.2d 832, 840:

"The old common-law rule that a wife had no right of action of this character obtained on the theory that the wife's personality merged in that of the husband's, that she had no right to hold property separate and apart from her husband, and had no right to sue in her own name. This hollow, debasing, and degrading philosophy, which has pervaded judicial thinking for years, has spent its course. These archaic notions no longer obtain. 'So prone are the courts to cling to consuetudinary law, even after the reason for the custom has ceased or become a mere memory, that it has required hundreds of years to obtain the meed of justice for married women.' Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 470, 13 A. L. R. 1320. The legal status

of a wife has changed. Her legal personality is no longer merged in that of her husband. A husband has no longer any domination over the separate property of his wife. A wife may sue in her own name without joining her husband in the suit. Generally a husband and wife have, in the marriage relation, equal rights which should receive equal protection of the law. When the reason for the rule ceases, so should the rule."

Appellant's petition alleged a cause of action and the trial court was in error in sustaining the motion to dismiss. Cause reversed and remanded.—Reversed and remanded.

BLISS, GARFIELD, LARSON, and SMITH, JJ., concur.

PETERSON, J., THOMPSON, C. J., and OLIVER and WENNER-STRUM, JJ., dissent.

PETERSON, J. (dissenting)—I respectfully dissent.

On July 15, 1953, Glen R. Acuff was in an automobile accident and was seriously and permanently injured. He maintained an action against defendant herein, which the record shows was dismissed with prejudice. We are, therefore, justified in assuming proper settlement was made with him. Plaintiff sued defendant for $75,000 damages for what really is loss of consortium. Motion to dismiss was sustained by the trial court, and this appeal followed. The question as to liability under these circumstances has not heretofore been decided by this court.

The majority opinion correctly states the weight of authority is against the ruling contained therein. The question involved in this case has been considered by the Supreme Court of at least twenty states and by some Federal Courts. There are two or three decisions supporting the majority opinion, and more than fifty decisions to the contrary. The majority opinion also correctly states that although there may be a large number of decisions to the contrary, if they are wrong this court should not hesitate to decide rightfully. However, I differ with the majority opinion as to the weight of authority being wrong.

I. Our Married Women's Act statutes do not create a right of action in favor of plaintiff. The statutes of Iowa and R. C. P. rule referred to in the majority opinion are the following:

"597.1 Property rights of married women. A married woman may own in her own right, real and personal property, acquired by descent, gift, or purchase, and manage, sell, and convey the same, and dispose thereof by will, to the same extent and in the same manner the husband can property belonging to him."

"597.18 Contracts of wife. Contracts may be made by a wife and liabilities incurred, and the same enforced by or against her, to the same extent and in the same manner as if she were unmarried."

"613.11 Women—injury or death. In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and the value of her services as wife, or mother, or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the husband, as such, of any woman who, or whose administrator, is entitled to recover same."

"RCP No. 10 Married women—husband and wife. A married woman may sue or be sued without joining her husband. If both are sued, she may defend in her own right; and if either fails to defend, the other may defend for both. [Report 1943]."

The above statutes are the provisions in Iowa under which married women were properly emancipated from the rules of the common law as to coverture. These provisions are commonly known as Married Women's Acts and they have, in various forms, become a part of the statutory law of all common-law states during the past century. My reason for quoting them in this dissent is to show there are no legislative enactments in Iowa which grant to plaintiff a basis for cause of action. They do give her a right to sue, if she has a cause of action. Patelski v. Snyder, 179 Ill. App. 24; Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A. L. R. 1320; Cravens v. Louisville & Nashville R. Co., 195 Ky. 257, 242 S.W. 628; Nash v. Mobile & Ohio R. Co., 149 Miss.

823, 116 So. 100, 59 A. L. R. 676; Sheard v. Oregon Electric Ry. Co., 137 Ore. 341, 2 P.2d 916; Howard v. Verdigris Valley Electric Co-op., 201 Okla. 504, 207 P.2d 784.

In Cravens v. Louisville & N. R. Co., supra, it was held as quoted from 23 A. L. R.2d, page 1396: "That while the wife may recover for the loss of consortium of her husband due to an intentional wrong or a direct attack on the marriage relation, yet in the absence of a statute conferring such right, there can be no recovery for the loss of consortium due merely to a negligent injury, the court stating that the Married Women's Act, giving the wife a right to hold separate property and to sue alone, conferred no new right of action, but only the power to sue for the protection of rights which she already had."

We quote from 23 A. L. R.2d, page 1396, which states the holding in a Mississippi case as follows: "It was held in Nash v. Mobile & O. R. Co. (1928) 149 Miss. 823, 116 So. 100, 59 ALR 676, that a wife could not maintain an action for loss of her husband's consortium, since the statute giving a married woman the right to sue. did not create any new right of action, and she had no such right to recover for the loss of her husband's consortium at common law."

In Howard v. Verdigris Valley Electric Co-op., supra, the court said on this subject at page 508 of 201 Okla., page 787 of 207 P.2d: " * * * whatever additional rights may have been extended to women generally under the so-called emancipation statutes, or Married Women's Act, such statutes do not confer a new right upon the wife which permits recovery for loss allegedly resulting from negligent injuries to her husband, since no new cause of action was created thereby."

II. Negligence cases are often confused with cases of intentional, willful or malicious wrong to the husband, which cases are actionable by the wife for loss of consortium. Many of the cases cited and much of the argument of attorneys for appellant pertain to such intentional injury to the husband rather than to negligence. This is true to a certain extent in the majority opinion. Where there has been such wrongful act as against the husband there is no question about the wife having a cause of action against the wrongdoer for the loss of consortium. This

has reference to cases of alienation of affections, criminal conversation, illegal sale of liquors or opium to the husband, and other wrongful acts. Moberg v. Scott, 38 S. D. 422, 161 N.W. 998, L. R. A. 1917D 732; Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A. L. R. 341; Emerson v. Taylor, 133 Md. 192, 104 A. 538, 5 A. L. R. 1045; Commercial Carriers v. Small, 277 Ky. 189, 126 S.W.2d 143; Clow v. Chapman, 125 Mo. 101, 28 S.W. 328, 26 L. R. A. 412.

There is clear reason for the distinction. This type of case is not one where the husband can sue for his injuries, for himself and family, because he is a party to the transaction. In an alienation of affections case he is one of the tort-feasors. The same is true with reference to illegal sale of liquor or opium. In these cases the only plaintiff is the wife and there has been no previous suit by the husband for damages as in case of negligence. The suit is by the wife and the only basis for recovery is on behalf of the wife alone.

III. The overwhelming weight of authority in the nation is contrary to the majority opinion. Most cases are based on the principle that recovery by plaintiff would constitute double recovery for the same act of negligence. Stout v. Kansas City Terminal Ry. Co., 172 Mo. App. 113, 157 S.W. 1019; Bernhardt v. Perry, supra; Tobiassen v. Polley, 96 N. J. L. 66, 114 A. 153; Giggey v. Gallagher Transp. Co., 101 Colo. 258, 72 P.2d 1100; McDaniel v. Trent Mills, 197 N.C. 342, 148 S.E. 440; Feneff v. New York Cent. & Hudson River R. Co., 203 Mass. 278, 89 N.E. 436, 24 L. R. A., N. S., 1024, 133 Am. St. Rep. 291; Eschenbach v. Benjamin, 195 Minn. 378, 263 N.W. 154; Hartman v. Cold Spring Granite Co. (1956) 247 Minn. 515, 77 N.W.2d 651. Over forty more decisions could be cited, the listing of which in this dissenting opinion is not advisable nor necessary. In our modern court system we try to replace losses through negligence with money. In the case at bar there were permanent injuries inflicted on the husband through negligence of another. In the settlement with the husband all that could be done with money was done. The case being settled we can properly assume payment was made for his expenses, his loss of time and his permanent injury. Theoretically he and his wife and family have

been made whole for the negligence. Payment for permanent injury assures money to care for the wife and family. True, it does not restore consortium, but there is no way to restore it except as money may be paid to offset it. Settlement with the husband theoretically provides this money. Recovery by the wife would only mean more money—money for a wrong for which payment has already been made. Recovery herein by the wife will cause a double payment for the same act of negligence; for the benefit of the same individuals.

In 27 Am. Jur., Husband and Wife, sections 513 and 514, page 114, we find the following analysis of the situation: "If the deprivation is due to causes for which the husband may recover, his recovery is deemed to be partly for the wife's benefit, and the remedy is clearly to the husband, and not to the wife. * * * Whatever right a wife may have, by virtue of statutes removing her common-law disabilities to recover for loss of consortium of her husband as a result of injuries inflicted by a third person, does not extend to loss of consortium caused by a mere negligent injury inflicted upon the husband. At least, in the absence of any statute expressly conferring it, a wife, even though able to sue and be sued as a feme sole, has no right or cause of action, as a general rule, for loss of consortium due to injuries negligently inflicted on her husband. She has no such cause of action even under a statute preserving to her all rights of action growing out of violation of her personal rights. Her loss of consortium resulting from negligence is too remote and indirect to permit her to recover therefor, and hence, it is distinguishable from loss of consortium resulting directly from a wrongful act, as where her husband is wrongfully enticed, seduced, or forced away from her. Furthermore, damages to which the husband is entitled, in a suit for his injuries sustained through another's negligence, are supposed to be full compensation for his injuries, in which compensation his wife has a benefit, with the consequence that if the wife is permitted a separate recovery for her loss of consortium resulting from such injuries, there is, in effect, a double recovery for the same matter."

The American Law Institute considered the question and as a part of its Restatement of the Law reached the following con-

clusion as shown in section 695 under Torts, comment a: "Although a husband is entitled to recover for the loss of his wife's services and society and any expense which he incurs as a result of illness or bodily harm caused to her by the tortious conduct of another, a wife is not entitled to a recovery under similar circumstances. The wife is not, nor has she ever been, entitled to the services of her husband. Moreover, she is not deprived of the support to which she is entitled by any tort committed against him. The husband is still legally bound to provide support for her, and the tort-feasor is liable to the husband for any loss of earning power which he may suffer. This the husband himself may recover, and were his wife permitted to recover for the loss of support, a double recovery would result. The wife has a similar interest in the society and sexual relations with her husband as he has in such relations with her. However, the law has not recognized her right to recover against one who has caused harm to such interests by conduct which is not intended to harm them.

In Bernhardt v. Perry, supra, the court, in upholding defendant's demurrer, pointed out that plaintiff misconceived the fundamental difference between the rights of a wife growing out of personal injury to her husband from negligence and those growing out of alienation of affections stated at pages 626, 629 of 276 Mo., pages 465, 466 of 208 S.W. as follows: "In the former case the injury is physical, or grows out of a physical injury done to the husband, and he, if death does not ensue, is entitled to a recovery of damages resulting therefrom, which, in legal contemplation, is supposed not only to make him whole, but enables him to support his wife and children and to discharge all of his marital and parental duties due them in the same degree that the law imposed those duties upon him previous to the injury, leaving no right of theirs, if any, violated, which has not been fully compensated." The court also said: "* * * to recover from the defendant in this action, then she would recover from the same wrongdoer the damages she had sustained for the same injuries her husband had recovered for, and out of which, as before stated, he is legally bound to support, maintain and care for her. This would be double compensation, which in my opin-

ion the Legislature never intended." More than forty similar quotations could be made, but this would serve no purpose.

IV. One important contention in the majority opinion is that the husband has a right to sue a person who is negligent and has caused damage to his wife for the loss of his consortium. Therefore, the wife should have the same right. There is an element of doubt involved in this contention. There are no specific Iowa decisions establishing a cause of action for loss of consortium in favor of the husband. There are a few cases, as cited by counsel for appellant, and referred to in majority opinion, where we have incidentally leaned toward this principle. The cases in other states are not uniform in sustaining the right. In many cases it has been denied to the husband. Bolger v. Boston Elevated Ry. Co., 205 Mass. 420, 91 N.E. 389; Marri v. Stamford Street R. Co., 84 Conn. 9, 78 A. 582, 33. L. R. A., N.S., 1042, Ann. Cas. 1912B 1120; Blair v. Seitner Dry Goods Co., 184 Mich. 304, 151 N.W. 724, L.R.A. 1915D 524, Ann. Cas. 1916C 882; Helmstetler v. Duke Power Co., 224 N.C. 821, 32 S.E.2d 611. There is a distinction, even after we take into consideration the rights established under the Married Women's Act. The husband is entitled to the services of his wife, and where he has sued it has included not only the loss of consortium, but also the loss of her services. There are no actual services of the husband to which the wife is entitled, except the fact that he is obligated to support her. Since in most cases, as in the case at bar, recovery was had by the husband for permanent injuries, a situation is created where, by the substitution of money, his obligation to support her is fulfilled. I realize it is difficult to say that there is substitution to the family by mere money for her loss of consortium. On the other hand, it is just as difficult to say that mere money is a substitute for his permanent injuries. However, the only manner in which we can measure it is through money, because the body cannot be made whole, nor consortium restored.

As an analysis of this phase of the situation we quote from 23 A. L. R.2d, page 1395, as follows: "Pointing out that the reasoning as to remoteness of claim may not be wholly in harmony with allowing an action for loss of consortium to the husband, while denying it to the wife, the appellate court in Stout

v. Kansas City Terminal R. Co. (1913) 172 Mo. App. 113, 157 S.W. 1019, reversing a judgment for the wife, stated that it might be more satisfactory, in order to avoid an inconsistency, to put the ground of denial of the wife's action on the fact that, since she had no legal claim for damages for loss of the husband's services with which to connect a loss of conjugal affection and social comfort, the nonpecuniary rights must stand alone as her sole cause of action and these, standing alone, have never been regarded as capable of pecuniary estimate. The court pointed out that this result was not changed by the statutes giving a right of action to a wife for 'any violation of her personal rights,' noting that such statutes gave the wife no right of action based on negligence, since negligence can only affect property rights, and the wife had no property rights in the consortium of her husband."

In holding that *no damages could be awarded to the husband* for loss of consortium of his wife the court in Bolger v. Boston Elevated Ry. Co., supra, said at page 421 of 205 Mass., page 389 of 91 N.E.: "No valid distinction can be drawn between the husband's right to recover for the loss of the wife's consortium, in cases growing out of the negligence of a third party, and the wife's right to recover for loss of the husband's consortium in like cases. Neither can it make any difference that in the case of the wife the loss of consortium is or may be the sole ground of recovery and in the case of the husband it is or may be one of several grounds of recovery."

In 23 A. L. R.2d, page 1381, we find the following statement: "After reviewing the changes in the status of married women due to modern statutes, the court in Marri v. Stamford Street R. Co. (1911) 84 Conn. 9, 78 A. 582, 33 L. R. A., N.S., 1042, Ann. Cas. 1912B 1120, supra, said: 'The question then remains whether the law shall say that both husband and wife are entitled to maintain an action for loss of consortium, when the other sustains at the hands of a third person personal injuries, not accidental, resulting in physical impairment, or that neither can do so,' and concluded that since the reason for the rule that the husband had such a right no longer existed, neither should have the right of action for loss of consortium."

In Helmstetler v. Duke Power Co., supra, the court stated at page 824 of 224 N.C., page 613 of 32 S.E.2d: "If no cause of. action for loss of consortium or mental anguish may be maintained by a married woman on account of injuries negligently inflicted on her husband, * * * then it would seem that no such right of action should exist in favor of the husband, since he can no longer sue to recover his wife's earnings or damages for torts committed on her."

V. As far as precedent is concerned the majority opinion rests its case largely on the rather lengthy opinion written by Judge Clark in Hitaffer v. Argonne Co., 87 App. D. C. 57, 183 F.2d 811, 23 A. L. R.2d 1366. This decision was rendered in 1950 and has only been followed in one United States District Court opinion in Nebraska, Cooney v. Moomaw, 109 F. Supp. 448, and one Georgia case, Brown v. Georgia-Tennessee Coaches, Inc., 88 Ga. App. 519, 77 S.E.2d 24. Numerous other cases involving the same question have been decided since 1950 in accordance with the weight of authority and contrary to the Hitaffer case. Some of the cases are: Seymour v. Union News Co., 7 Cir., Ill., 217 F.2d 168; Filice v. United States, 9 Cir., Cal., 217 F.2d 515. Both in 1954. Nickel v. Hardware Mutual Casualty Co. (1955) 269 Wis. 647, 652, 70 N.W.2d 205, 208; Hartman v. Cold Spring Granite Co., supra (1956) 247 Minn. 515, 77 N.W.2d 651.

In this late case of Nickel v. Hardware Mutual Casualty Co., supra, we find a careful analysis of the reasoning for denial of cause of action in cases such as the one at bar: "Various reasons have been given by the courts for their rejection of claims of this nature. To us the most appealing is that to permit it. would result in double recovery to the husband and wife for the same injury. In the husband's action he is entitled to recover full compensation for all injuries he sustained, including that for being incapacitated, for his inability to care for, protect, and associate with his wife. If she were authorized to recover from the same wrongdoer the damages she has sustained for the same injuries which her husband may recover for and out of which recovery he is presumed to support and care for her, their recovery would be double, which in our opinion the legislature never intended. The settlement of a husband's claim for per-

sonal injuries resulting from the negligent act of another has always been recognized in this state as closing the incident. The right to maintain an action of this kind is at least so doubtful that the court should not confer it. Matters of policy are involved."

In the Ninth Circuit Federal case of Filice v. United States, supra, the court said at pages 516, 517 of 217 F.2d: "We are asked to hold that today, in this more enlightened age, the law of California on this matter is the same as the law in the District of Columbia as declared in the Hitaffer case * * *. In the face of the fact that the law elsewhere is so nearly unanimous against a recovery such as that here sought, we find ourselves unable to say and we are unwilling to hold that the law of California at present recognizes the right of a wife to bring such an action."

The rather extensive quotations are for the purpose of showing the reasoning in the decisions constituting the great weight of authority, which is contrary to the majority opinion. Against this great weight of authority we are opening a new door for endless, and I believe unsound, litigation.

I would affirm.

THOMPSON, C. J., and OLIVER and WENNERSTRUM, JJ., join in this dissent.